GARFIELD NATIONAL BANK, RESPONDENT, *v.* FRANK W. COLWELL, APPELLANT.

*Agreement between the maker and payee of a note that the former shall not be liable thereon — enforced against an indorsee having knowledge thereof.*

Where, at the time that a note is discounted there is a distinct understanding between the maker of the note and the payee, which is stated to the bank at which it is discounted, that the maker should incur no liability by the signing of the note, he will not be held liable thereon to the bank which has discounted it. Such paper is not mere accommodation paper, and is, under such circumstances, unenforceable against the maker thereof.

| 57 | 169 |
| 68 | 101 |
| 57 | 169 |
| 75 | 113 |
| 57 | 169 |
| 90 | 400 |
| 57 | 169 |
| 19ap391 | |
| 20ap199 | |
| 153a | 133 |
| 57 | 169 |
| 29ap561 | |
| 29ap566 | |
| 57 | 169 |
| 38ap243 | |
| 38ap245 | |
| 57 | 169 |
| 41ap176 | |
| 43ap | 78 |
| 57 | 169 |
| d44ap101 | |
| 45ap240 | |
| 57h | 169 |
| 172 NY¹ | 302 |

APPEAL by the defendant Frank W. Colwell from a judgment, entered in the office of the clerk of the county of New York on the 7th day of February, 1890, in favor of the plaintiff; and from an order of said court denying the defendant's motion for a new trial, entered in said office on the 26th day of February, 1890, after a trial at the New York Circuit before the court and a jury, at which a verdict in favor of the plaintiff was directed by the court.

*W. B. Ellison*, for the appellant.

*L. C. Waehner*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the balance remaining due upon a promissory note made by the defendant to the order of S. S. Hepworth & Co., which note was discounted by the plaintiff.

It appeared from the evidence that the defendant was an employee of Hepworth & Co., and knew the vice-president of the plaintiff, Mr. Robinson. At the time the note in question was made the defendant had a conversation about the need of Hepworth & Co. for money, and that Robinson thereupon suggested this note. The witness says: "I told him that I understood from Mr. Hepworth that I would incur no liability in signing this note; he told me to have such a note made up and that he would see that it was discounted. He told me after it was signed and made up to take it up to the Garfield Bank and he would see in the meantime — he would leave instructions at the bank to have it discounted." The defend-

ant further testified that he saw the cashier and told him that he had a note signed by himself and indorsed by Hepworth & Co., and " that Mr. Robinson had asked me to take the note up there and present it to him and he would leave instructions in the meantime to have it discounted ; " that he had told Robinson that he had been informed by Hepworth & Co. that he would incur no liability at all. The cashier replied that he so understood it, whereupon the defendant handed him the note. The defendant received none of its proceeds nor any consideration whatever for its signature. The cashier testified that the conversation was that the defendant signed the note simply to make it in bankable form, and that he assumed no responsibility and had no responsibility attached to him. " I accepted the note, under these circumstances, as cashier of the Garfield Bank."

Proof having been given of the discount of the note by the plaintiff, and that it was then held by it, the court directed a verdict for the plaintiff. In this we think there was error. Undoubtedly it would be no defense to show that the plaintiff knew at the time of the discount of the note that it was accommodation paper. The mere fact that it was accommodation paper would in no way affect the right to recover, because the giving of the note as an accommodation, if no recovery could be had upon it by the holder of the note, would not be any accommodation to anybody, because nobody could use it. In the case at bar, however, the proofs show a different state of affairs ; not only that it was accommodation paper, but also that there was a distinct understanding between the maker of the note and the payee that the maker should incur no liability by the signing of the note.

The cases of *Benton* v. *Martin* (52 N. Y., 573) and *Seymour* v. *Cowing* (1 Keyes, 532) establish the proposition that a person has the right, in the case of an unsealed instrument, to impose conditions, the observance of which is essential to its validity. This rule is the foundation upon which those cases rest, which hold that where there has been a diversion of the note, unless the holder is a *bona fide* holder without notice, he cannot recover. In the case at bar it appears that the plaintiff knew that it was the understanding of the defendant that he should not, under any circumstances, be liable upon the note. Knowing that this was the agreement between the

parties, it is difficult to see how, with such knowledge, it could acquire the right to enforce that which it knew had been agreed should not be enforced. The plaintiff did not, therefore, occupy the position of a *bona fide* holder without notice.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Brady and Daniels, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.