FRANCIS HIGGINS, as Receiver of the NORTH RIVER BANK, in the City of New York, Respondent, *v.* NEIL O'DONNELL and Another, Composing the Firm of N. & H. O'DONNELL, Appellants, Impleaded with Another.

*Accommodation note — agreement of payee to pay it — sufficiency of answer alleging it — liability of the maker to the bank discounting it.*

Allegations in an answer, by the maker of a promissory note, that the note was an accommodation note given to the payee at the request of the bank by which it was discounted, and that the note was given on the distinct understanding that the payee should take it up and pay it at maturity, but not stating that such understanding was had with the bank, or that the bank engaged with the maker that he should not incur any liability on the note, do not constitute a defense to an action on the note brought by the bank against the maker.
*Garfield National Bank* v. *Colwell* (57 Hun, 169), distinguished.

APPEAL by the defendants, Neil O'Donnell and Hugh O'Donnell, composing the firm of N. & H. O'Donnell, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York, on the 19th day of October, 1892, upon a verdict in favor of the plaintiff, rendered at the New York Circuit by direction of the court upon the pleadings.

*E. L. Collier,* for the appellants.

*Durnin & Hendrick,* for the respondent.

O'BRIEN, J.:

The action was brought to recover upon promissory notes made by the defendants to the order of one Thomas Bracken, and by him indorsed and delivered to the bank. The answer admits the making of the notes, but for a defense alleges that "said notes were made by request of the defendant, Thomas Bracken, the payee mentioned therein, without consideration and solely for his accommodation, at

the request and suggestion of the North River Bank in the city of New York, and not otherwise, as the defendants are informed and verily believe. That the notes in question are not the original notes, but notes given after many renewals, with the distinct understanding that the said Thomas Bracken, the payee therein named, should take up and pay the same at maturity, as the defendants are informed and verily believe."

It is insisted that the court erred in directing a verdict in plaintiff's favor upon the pleadings, and reference is made to the case of *Garfield Nat. Bank* v. *Colwell* (57 Hun, 169) in support of this contention. That case is authority for the proposition that "where, at the time that a note is discounted, there is a distinct understanding between the maker of the note and the payee, which is stated to the bank at which it is discounted, that the maker should incur no liability by the signing of the note, he will not be held liable thereon to the bank which has discounted it;" that "such paper is not mere accommodation paper; and is, under such circumstances, unenforceable against the maker thereof."

The distinction between the defenses set out in that case and in this is marked. In the *Garfield National Bank* case, the defense and proof were, that the note was discounted by the bank under an agreement that the makers should not incur any liability upon the note; whereas the allegation here is that the note was made for the accommodation of Bracken at the request of the North River Bank. It is true there is a further allegation that there was a distinct understanding that the payee should take up and pay the same at maturity, but by and between whom such understanding was arrived at or made is not alleged, and it cannot be assumed, in the absence of any allegation to that effect, to have been made with the bank.

The construction of the answer is susceptible of the conclusion that, so far as these defendants are concerned, it was a pure accommodation note given to Bracken, under an understanding with the latter that he was to take it up. But this is very different from an allegation — which appeared in the *Garfield Bank* case — that there was a distinct agreement with the bank that the makers were to incur no liability whatever upon the notes. The fact that they were mere accommodation makers cannot relieve these defendants from liability, as shown by the very case relied upon of the Garfield Bank,

which holds, that "the mere fact that it was accommodation paper would in no way affect the right to recover, because the giving of the note as an accommodation, if no recovery could be had upon it by the holder of the note, would not be an accommodation to anybody, because nobody could use it." It may well be that the bank knew that it was accommodation paper made by these defendants for the benefit of Bracken, but this in no way prevented their being liable thereon.

The allegation, therefore, that it was an accommodation note given to Bracken at the request of the North River Bank does not constitute a defense, nor the further allegation that the understanding was that Bracken should pay the same at maturity. Here there is an absence of an allegation — which was the turning point in the *Garfield Bank* case — that the bank would not look to the makers, or agree with such makers that they were not to incur any liability upon the note. There is here not even an allegation that the bank had any knowledge of the understanding, set up by way of defense, that the notes were to be paid by Bracken at maturity.

We think the disposition made by the trial judge was right and that the judgment appealed from should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs and disbursements.