FRANCIS HIGGINS, as Receiver of THE NORTH RIVER BANK in the City of New York, Appellant, *v.* JOHN J. RIDGWAY, Respondent.

*Bills and notes — accommodation maker, when not liable to the person accommodated — may testify that he received no benefit from the note.*

In an action brought by a bank to recover upon a promissory note, made by the defendant to his own order, the defense was interposed that the note was made for the accommodation of a bank and upon an agreement by its president that the defendant should not be held liable upon it. Upon the trial it appeared that the defendant was a clerk of a firm dealing with the bank, and that its

senior partner was a director of the bank. The defendant testified that the president of the bank requested him to make the note for $15,000; that he objected to making it for that amount, upon the ground that the note would not be good, and that the president replied that the note was for the bank; that the defendant would get nothing for it and would not be held in the matter. It was shown that the note went to the credit of the firm which employed the maker.

*Held,* that the defense was valid and that a verdict for the defendant would not be disturbed;

That it was proper to allow the defendant to show that he was never credited by the bank with any sum of money, because of the note or of any renewal of the note, such evidence being competent to show that the defendant had received no benefit from the note.

Appeal by the plaintiff, Francis Higgins, as receiver of the North River Bank in the city of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 17th day of May, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order bearing date the 14th day of May, 1895, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*Benjamin Yates,* for the appellant.

*Edward F. O'Dwyer,* for the respondent.

Follett, J.:

This action was begun February 23, 1893, to recover on a promissory note made and indorsed by the defendant October 31, 1890, whereby, for value received, he promised to pay to his own order $14,250, three months after date, at the North River Bank in this city. The defense interposed is that the note was made and indorsed for the accommodation of the bank, and upon the agreement of its president that the defendant should not be held liable thereon. At the time the note was made the defendant was a clerk of Paige, Carey & Co. Mr. Paige, the senior partner, was a director of the North River Bank and had extensive dealings therewith. The defendant testified that in 1889 Mr. Gedney, the president of the bank, requested him to make a note for $15,000, but that he objected, saying that his note for that amount would not be good, and that he did not wish to do it. That Mr. Gedney replied: The

note " is for the bank ; you will not be held on the note ; you will get nothing for it." The defendant made the note which was passed to the bank and went to the credit of the account of Paige, Carey & Co. This note was four times renewed, the last renewal being the one in suit. When or by whom the indebtedness to the bank was reduced from $15,000 to $14,250 does not appear. The defendant testified that when the note was last renewed he objected to signing it, and that Mr. Gedney replied, " You take no risk on it ; you are not held on that note ; you assume no obligation on that note. The defendant received no benefit from the original note or any of its renewals. · The cashier of the bank testified that the avails of the first note, of which all others were renewals, were credited to the loan account of Paige, Carey & Co. It is conceded that the defendant's indorsement was an accommodation one and that he received no benefit therefor, which fact was known to the president and cashier of the bank. The president of the bank was sworn as a witness and denied that he told the defendant that he would not be held on this note, but testified that the defendant objected to signing the original note and its renewals, and he told him that he did not think he would be called upon to pay it. The trial court submitted but a single question to the jury, which was, whether there was an agreement between the president of the bank and the defendant that he would not be held liable on the note. The jury were instructed that if such an agreement were not made they must find for the plaintiff, but if it were, they must find for the defendant. To this instruction the plaintiff excepted, which is the only exception taken by the counsel for either party to the charge.

The agreement testified to by the defendant, and found by the jury to have been made, was a defense to the note. (*Garfield National Bank* v. *Colwell*, 57 Hun, 1o9.) There is no distinction, in principle, between the case cited and the one at bar. This note was never delivered by the defendant nor received by the bank for the purpose of charging the defendant with liability thereon.

It is urged that the plaintiff's exception to the following question was well taken : " Q. Was there ever credited to you with the North River Bank any sum of money, or any credit by reason of the note in suit or any of its predecessors ? " The defendant answered, " No, sir." It was entirely competent to show that the defendant received

no benefit from the note. The cashier of the bank so testified. It cannot be said that the verdict of the jury was contrary to the evidence. It was simply a question of credibility between the defendant and the president of the bank, and the circumstances under which the note was made, the way the avails were used, and the situation of the defendant, who was a mere clerk of Paige, Carey & Co., to whose credit the avails were placed, strongly tended to render it highly probable that the defendant testified to the truth.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.