Francis Higgins, as Receiver of The North River Bank in the City of New York, Appellant, *v.* John J. Ridgway, Respondent.

1. Promissory Note — Conditional Delivery. It is a defense to the enforcement of a promissory note against the maker by the party to whom he delivered it, that the note was without consideration and was delivered upon the condition that the maker should not be liable thereon.

2. Evidence of Conditional Delivery. As between the original parties to a promissory note, and others having notice, a conditional delivery, as well as want of consideration, may be shown; and parol evidence that the delivery was conditional and of the terms of the condition is not open to' the objection of varying or contradicting the written contract.

*Higgins* v. *Ridgway*, 90 Hun, 398, affirmed.

(Submitted May 7, 1897; decided May 14, 1897.)

Appeal from a judgment of the General Term of the Supreme Court in the first judicial department, entered November 19, 1895, which affirmed a judgment in favor of defendant entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Yates* for appellant. The evidence was not sufficient to submit to the jury the question whether an agreement had been made between the defendant and the president of the bank that the defendant would not be held liable upon the note, and the plaintiff's motion, at the close of the case, should have been granted. (*Mead* v. *Nat. Bank*, 89 Hun, 102.) The case at bar is not that of a condition not complied with or of a failure of consideration, but an attempt to prove an agreement that absolutely contradicts the terms of the note and nullifies it. (*Benton* v. *Martin*, 52 N. Y. 570; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *A. S. Bank* v. *Savery*, 82 N. Y. 291.) The agreement alleged to have been made between the defendant and the president of the North River Bank

was one that he was not authorized to make, and was not binding upon the bank. The defendant must be presumed to have known that in making such an agreement the president exceeded his authority. (*Arend* v. *Smith*, 151 N. Y. 502; *Cheever* v. *P. S. & L. E. R. R. Co.*, 150 N. Y. 59; *Jemison* v. *C. S. Bank*, 122 N. Y. 135; *H. Nat. Bank* v. *A. D. & T. Co.*, 148 N. Y. 612; *Knox* v. *E. M. A. Co.*, 148 N. Y. 441; *Fox* v. *R. H. Co.*, 90 Hun, 365.) The defendant should not have been allowed to testify that he did not in any way, shape or form, receive anything for the note from the bank or from any other person, or that he was not credited with the North River Bank with any sum of money or any credit by reason of the note in suit, or any of its predecessors. (*L. Nat. Bank* v. *Butler*, 16 Misc. Rep. 566.)

*Edward F. O'Dwyer* for respondent. The agreement relieved the defendant from liability. (*G. Nat. Bank* v. *Colwell*, 57 Hun, 169.)

MARTIN, J. This action was brought by the plaintiff, as receiver of the North River Bank, upon a promissory note, dated October 31, 1890, whereby the defendant promised to pay to the order of himself fourteen thousand two hundred and fifty dollars at the North River Bank. The note was indorsed by the defendant and delivered to the president of the bank at which it was payable.

The defendant interposed an answer denying that the note was delivered for value, or that there was any amount due thereon. As a further defense, he alleged that it was without consideration, made for the accommodation of the bank, and delivered upon an express agreement that the defendant should not be held liable thereon. At the time the note was made, the defendant was a clerk for Paige, Carey & Co. Paige was a director of the bank and the firm had extensive dealings with it.

There was a conflict in the evidence as to what occurred between the parties when the note was delivered, but, as the

jury found in favor of the defendant, his version of the trans-
action must be regarded as correct. He testified that he knew
the president and cashier of the bank, and that he had a con-
versation with the former at the time the note in suit was
given, and also when the original note was made which it
was given to renew; that in 1889, when the first note was
delivered, the president told him he wanted him to make a
note for fifteen thousand dollars; that he asked him what it
was for; told him that he was a clerk; was not responsible
for fifteen thousand cents; his note was not good; he could
not pay it; that he didn't want to do any such thing; that he
then asked the president what it was for; that the latter
replied, it was for the bank; that he then replied, "I don't
want to make a note for any purpose, because I am not respon-
sible and could not pay it, and I don't want to do it;" to
which the president then replied, "You will not be responsi-
ble for it; you will not be held on the note; you will get
nothing for it, and I tell you that you will not be held on the
note." He further testified that he had another conversation
with the president at the time the note in suit was delivered;
that he did not want to renew it, and he told the president he
did not, to which he replied, "You take no risk on it; you
are not held on the note; you assume no obligation on that
note." The defendant also testified that he received no bene-
fit from the note, either from the bank or otherwise.

On the trial the plaintiff requested the court to direct a ver-
dict in his favor for the amount of the note, which was denied,
and he duly excepted. He also excepted to that portion of
the charge which submitted to the jury the question whether
the agreements or transactions were as claimed by the defend-
ant, and instructed them that if they found they were, their
verdict should be for the defendant. These exceptions present
the only matters to be determined upon this appeal.

In the discussion of them, the facts testified to by the
defendant must be regarded as established. The defendant's
indorsement was for the accommodation of the bank, and he
received no benefit from the note. This was known and

understood by the president when the note was delivered. It was delivered to him while acting for the bank. Thus, the question is presented, whether the transactions and agreements testified to by the defendant constituted a valid defense to the action, his note having been without consideration, and delivered upon the express condition that he should not be liable thereon. In *Garfield National Bank* v. *Colwell* (57 Hun, 169), where, at the time a note was discounted, there was a distinct understanding between the maker and the bank discounting it, that the former should incur no liability by signing the note, it was held that he was not liable thereon to the bank which discounted it.    The decision in that case was based upon *Benton* v. *Martin* (52 N. Y. 570) and *Seymour* v. *Cowing* (4 Abb. Ct. App. Dec. 200).   In the *Benton* case it was held that instruments, not under seal, may be delivered to one to whom they are payable upon conditions, the observance of which is essential to their validity; that the annexing of such conditions to the delivery is not an oral contradiction of the written obligation; that, as it needs a delivery to make an obligation operative, the effect of it, and the extent to which the instrument is to become operative, may be limited by the condition attending its delivery, and that, as between the original parties and others having notice, the want of consideration may be shown.   In *Seymour* v. *Cowing* it was in substance held, that where one party delivered his notes to another, the person delivering them might prove that they were not delivered as binding obligations against him, and that they were without consideration, and, consequently, void.   In *Bookstaver* v. *Jayne* (60 N. Y. 146) it was held that any instrument not under seal, including a promissory note, may be delivered upon conditions, the observance of which between the parties is essential to its validity.

The question here arises whether the transaction, as testified to by the defendant, constituted a conditional delivery of the note so as to fall within the principle of the foregoing cases, or whether the defendant's testimony was an attempt to vary or contradict the written contract between the parties, and,

consequently, inadmissible. We think the import of the defendant's evidence is that the delivery of the note in suit, as well as the note it was given to renew, was conditional and was for the accommodation and to serve some particular purpose of the bank. Therefore, as there was no consideration for the note, and as the bank could not be regarded as a *bona fide* holder, we are of the opinion that the plaintiff's exceptions to the refusal of the court to direct a verdict for the plaintiff, and to the charge of the court, were invalid.

We think the learned General Term properly disposed of the case and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.