(19 App. Div. 390.)

NATIONAL BANK OF NORTH AMERICA v. WHITE et al.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

1. ACCOMMODATION NOTE—RIGHTS OF INDORSEE.

　　A bank which has discounted a note, and paid value therefor, is not prevented from recovering thereon by the fact that the note was made only for accommodation, and was known to the bank to be so made.

2. PLEADING AND PROOF—VARIANCE.

　　Under an answer which sets up, as a defense to a promissory note in the hands of an indorsee, that it was made for accommodation, was known to the indorsee to be so made, and that no value was paid for it, the defendant cannot prove an agreement by the indorsee not to look to the maker.

3. ACTION ON NOTE—DEFENSES.

　　An agreement between the accommodation maker and the payee of a note that the former shall not be held liable is immaterial as against an indorsee, unless he is in some way connected with such agreement.

Appeal from trial term.

Action by the National Bank of North America, in New York, against H. Winslow White and others. From a judgment entered on a verdict rendered by direction of the court, Winslow White appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James W. Treadwell, for appellant.
Edwin B. Root, for respondents.

O'BRIEN, J. The action was based upon promissory notes made by the defendant White to the order of Walter & Place, and indorsed by them. The answer sets out: (1) That the defendant White made the notes to the defendants Walter & Place for their accommodation, and without consideration. (2) That the plaintiff knew or had notice

at the time of the transfer of the notes to it that they were made by the defendant White to the defendants Walter & Place, for their accommodation, and without consideration. (3) That the defendant White has no knowledge or information sufficient to form a belief whether the transfer of the notes to the plaintiff was for value, or whether the plaintiff is now the lawful owner and holder thereof.

The first two allegations furnish in themselves no ground of defense; for, as said by Story on Promissory Notes (section 194): "It is no defense or bar that the note was known to the holder to be an accommodation note as between the other parties, if he takes it for value, bona fide, before it has become due." Harger v. Worrall, 69 N. Y. 370; Bank v. Crow, 60 N. Y. 85. There remains, then, of the defendant White's answer, only the allegation that the plaintiff did not pay value for the notes. This, with proof of want of consideration as between White and the payees, and notice thereof to the plaintiff, would, if established, have been a good defense. That the bank discounted the notes for the payees, and that the latter got the full value thereof, was not disputed. But on the trial White testified that he received no consideration for the notes, and that he stood as an accommodation maker; and then, instead of showing that the bank did not pay value, he undertook to prove that there was an agreement between himself, as maker, and the payees and the bank, that he was not to be held liable; and thus it was sought to bring the defense within the case of Garfield Nat. Bank v. Colwell, 57 Hun, 169, 10 N. Y. Supp. 864. The court very properly rejected such testimony, because no such defense was pleaded. But even if White had been permitted to answer the questions propounded, and had testified as to what occurred between one of the payees and himself at the time of the making of the notes, and as to what the payee stated with reference to his understanding with the bank, this would have been insufficient, unless it had been shown that it was as the result of an agreement with the bank that the maker of the notes was not to incur any liability, which in the Garfield Bank Case, supra, was the basis of the decision, as shown in the subsequent case of Higgins v. O'Donnell, 68 Hun, 100, 22 N. Y. Supp. 610. In other words, what conversation occurred between White and the payee at the time of the making of the original notes was entirely immaterial, unless there was evidence in some way connecting what was thus said with the bank. Not only was there no such evidence, but the payee, Place, who had the conversation with the cashier of the bank, was examined on the trial, and there is nothing in his testimony from which the inference could be drawn that the bank was to accept the notes upon an agreement that White was not to be held liable. The most that could be deduced from what occurred between the cashier of the bank and the payee was that the bank insisted that the notes should contain the name of some one, and White's was mentioned, in addition to Walter & Place, before making the loan, and that the cashier knew that White was an accommodation maker. As already pointed out, however, this did not prevent the bank from holding White liable, for it had a right to determine the conditions upon which it should make the loan; and if White, even with the knowledge of the bank, became an accommo-

dation maker, that fact would not prevent the bank from discounting the notes, and, having thus paid value therefor, recovering as against both the maker and the payees.

We think, therefore, that the judgment was right, and should be affirmed, with costs.    All concur.