The court erred, therefore, in dismissing the complaint upon the grounds stated, and there must be a new trial for the plaintiff, with costs to appellant to abide the action.   All concur.

---

## WILLIAMS v. FIRST NAT. BANK OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department.   November 22, 1899.)

PROMISSORY NOTE—CONDITIONAL DELIVERY—MAKER'S LIABILITY.

> The maker of a negotiable note is not liable thereon to a bank, where he delivered it to the bank on condition, entered into with the cashier, that it should not be used as evidence of a liability against him, except as it might become necessary to show it to a bank examiner, and that in no event should he be held liable on it, and that it should not be enforced against him.

McLennan and Smith, JJ., dissenting.

Appeal from trial term, Onondaga county.

Action by Luzern A. Williams against the First National Bank of Syracuse.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Jerome L. Cheney, for appellant.

Ceylon H. Lewis, for respondent.

HARDIN, P. J.   The plaintiff brings this action to recover a deposit of $2,000 in the defendant corporation.   Against that deposit the defendant set up that at one time it held a promissory note made by M. S. Williams, N. L. Williams, and L. A. Williams to the order of L. A. Williams or bearer, dated December 27, 1892, for $2,000, given in renewal of a note dated September 21, 1892, for $2,000,—the name of the payee being left blank,—and claimed that, after the last note in the series became due, it charged it to the plaintiff's account, and insisted that the same was an offset against the claim of the plaintiff.   In reply to such defense and claimed offset, the plaintiff replied that, at the time the original note was delivered to the bank, there was an agreement between the parties to the note and the cashier of the defendant to the effect that the note should not be used as any evidence of liability against the makers thereof, except as it might become necessary to show the same to a bank examiner, and that in no event should the parties be held liable upon the note, and that it was delivered upon condition that the same should not be enforced against the makers, or either of them.   In support of the position taken by the plaintiff in respect to the note, there was evidence sufficient to sustain the verdict of the jury.   The plaintiff's evidence, however, was contradicted in some essential respects, and a sharp question of fact was developed, which was properly submitted by the trial judge to the jury.   The trial judge refused to set aside the verdict as being against the weight of evidence, and in doing so we think he committed no error.

60 N.Y.S.—70

The position of the plaintiff in respect to the agreement that the parties to the note should not be held liable, and that the note was delivered on condition that they should not be liable, is challenged by the appellant. The authorities which are cited support the contention of the plaintiff in regard to the conditional delivery of the note, and the agreement contemporaneous with its delivery which was made by the cashier, one of the principal officers of the defendant. Benton v. Martin, 52 N. Y. 570; Bank v. Colwell, 57 Hun, 169, 10 N. Y. Supp. 864; Higgins v. Ridgway, 90 Hun, 399, 35 N. Y. Supp. 944, affirmed in 153 N. Y. 130, 47 N. E. 32; A. H. Andrews & Co. v. Hess, 20 App. Div. 194, 46 N. Y. Supp. 796; Simmons v. Thompson, 29 App. Div. 559, 51 N. Y. Supp. 1018; Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831, and cases cited in the opinion. This court is so far committed to the doctrine of the cases laid down, that it should adhere to and follow them. This case differs from Allen v. Bank, 127 Pa. St. 51, 17 Atl. 886, as in that case the cashier was a member of the firm whose note was delivered, and the defense sought to be made was condemned because it was held that the cashier "could not act in the double capacity," he being a member of the firm whose note was delivered to the bank. In the case in hand the cashier was not a party to the note made by Williams. This case differs from Bank v. Tisdale, 84 N. Y. 655, as in that case the court "refused to find an understanding or agreement that the note was to be used to make a better showing with the bank examiner, and that the maker should not be called upon to pay"; and, in the absence of a finding that there was an agreement, it seems that when it was said "that the alleged agreement was beyond the authority of plaintiff's president to make, and did not bind it," it was obiter. Following the doctrine laid down in the Higgins Case, and the other authorities to which reference has been made, we are of the opinion that we should sustain the verdict of the jury, and affirm the judgment and order.

Judgment and order affirmed with costs. All concur, except McLENNAN and SMITH, JJ., who dissent. .