(31 Misc. Rep. 466.)

### CLAPP v. COOPER et al.

(Supreme Court, Appellate Term. May 1, 1900.)

1. PROMISSORY NOTE—ACCOMMODATION INDORSER—KNOWLEDGE OF PURCHASER.
   The knowledge of a purchaser of a note before maturity, and for value, that defendant's indorsement thereon was merely for the accommodation of the maker, is not a defense to an action on the note.

2. SAME—ACCOMMODATION INDORSER—RIGHTS TO COLLATERAL SECURITY.
   An accommodation indorser of a note can avail himself of the benefit of collateral security given by the maker, as against a bona fide holder for value, only by paying the note, and enforcing his right to be subrogated to the rights of the holder as to the collateral security.

3. SAME—PLEADING.
   Under allegations in an answer to an action upon a note that defendant was an indorser merely for the accommodation of the maker, and that plaintiff received from the latter collateral security of an actual value greater than the amount of the note; that plaintiff had received payment of the note from the maker; and that defendant had been discharged from all liability thereon,—evidence is not admissible to show that plaintiff returned the collateral security to the maker, or permitted him to obtain possession of it and carry it beyond the state, so that plaintiff, when demanding payment, was unable to tender the return of the collateral, or place defendant in a position where he could resort to it for his protection.

Appeal from city court of New York, general term.

Action by Everett Clapp against William A. Cooper, impleaded with William Miller, to recover upon a promissory note made by said Miller. From a judgment for defendant Cooper (62 N. Y. Supp. 1133), plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Henry B. Kinghorn, for appellant.
James P. Lowrey, for respondent.

PER CURIAM. This is an appeal from a judgment in favor of the defendant in an action upon a promissory note. The complaint

is in the usual form, alleging that on a certain date one William Miller made a promissory note to the order of the defendant for the sum of $1,000, payable four months after date, with interest; that defendant indorsed it, and plaintiff became the owner and holder; that at maturity the note was presented, and notice of nonpayment given to defendant. The answer admits the making and indorsement of the note, its nonpayment by the defendant, and the receipt by him of a notice of protest. It then alleges as a separate defense that defendant indorsed the note without consideration, and as an accommodation for Miller, the maker, and that Miller transferred and delivered to the persons with whom the note was negotiated certain collateral security, by way of warehouse receipts for four paintings, of an actual value greater than the amount secured by the note, and that the note and the collateral security came into possession of the plaintiff with full knowledge of the facts and circumstances relating to the making and indorsement of the note, and the giving of the collateral security. It further alleged that before bringing the action the plaintiff had actually received payment of the note from or in behalf of Miller, and that the defendant had been discharged from all and any liability thereon. No question was made as to the acquisition of the note by the plaintiff before maturity, and the answer contains no allegation that he did not pay full value therefor. Hence the mere fact that he knew that the defendant was an accommodation indorser did not of itself constitute a defense. Bank v. White, 19 App. Div. 390, 46 N. Y. Supp. 555. Nor is the fact that the maker of the note gave collateral security for its payment a defense, even coupled with the allegation that the plaintiff knew all the facts and circumstances. Assuming, as we must (for there is no evidence to the contrary), that the plaintiff was a bona fide holder for value, the accommodation indorser became, as between himself and the plaintiff, the principal debtor, and could avail himself of the benefit of any security held by the creditor only by paying the debt, and then enforcing his right to subrogation as to the collateral security. The defendant was permitted to introduce evidence tending to show that the plaintiff, after he had become possessed of the note, had returned the collateral security to Miller, the maker, or had permitted him to reacquire its possession and send it beyond the state, so that plaintiff, when he demanded payment, could not tender to defendant the collateral, or place him in a position whereby he could resort to it for his protection and recoupment. Such a defense, if properly pleaded and duly proven, might be available. Bank v. Fant, 50 N. Y. 474. The difficulty is, however, that no such defense was pleaded, and consequently no evidence thereof could properly be received. The defendant specifically admitted receipt of protest, and set forth no defect or invalidity therein. His general allegation at the end of his answer that he had been discharged from any and all liability on the note was a mere conclusion of law.

Upon the pleadings as they stand, the evidence alluded to was inadmissible; and, having been properly objected and excepted to, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event.