(55 Misc. Rep. 93.)

### NATIONAL PARK BANK v. SAITTA.

(Supreme Court, Trial Term, New York County. June, 1907.)

EVIDENCE—PAROL EVIDENCE—BILLS AND NOTES—ACTION ON DRAFT.

A draft, drawn on defendant and accompanied by a bill of lading, was discounted by plaintiff, and the proceeds paid by check to the order of the drawer of the draft, which was accepted by defendant in Italy. *Held*, in an action on the draft, that defendant could show that it was agreed between plaintiff and himself that the bill of lading should be delivered to him when he accepted the draft.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1800, 1925.]

Action by the National Park Bank against Phillips S. Saitta. Verdict for plaintiff. Motion for reargument of motion for new trial. Motion granted.

Louis F. Doyle, for plaintiff.
C. L. Thieel, for defendant.

BLANCHARD, J. This is a motion for a reargument by the defendant of his motion for a new trial, which was made and denied at the time of the trial. The defendant applied to the plaintiff, with a draft drawn on himself and accompanied by a bill of lading, and asked that the draft be discounted and the proceeds paid in the form of a check to the order of one Mauro, the drawer of the draft. This was done. Subsequently the defendant went to Genoa, Italy, and there, as appears from the evidence, accepted the draft. Upon the trial the defendant offered evidence tending to show that there was an agreement between the plaintiff and himself that the bill of lading should be delivered to the defendant when he accepted the draft. This evidence was excluded, against the objection and exception of the defendant, upon the theory that it was inadmissible as parol evidence tending to vary a written instrument. Further consideration impels the court to the view that the evidence offered falls within the exception to the rule above mentioned, permitting the original parties to introduce parol evidence of a default in the condition precedent to the taking effect of the instrument, when such default consists in a failure of consideration. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32; Daniel Neg. Inst. (5th Ed.) § 81a. Upon this principle the court is

of opinion, after mature reflection, that the evidence which the defendant sought to adduce as aforesaid should have been admitted.

The motion for a reargument is therefore granted, and the motion for a new trial is granted upon the grounds already indicated.

Motion granted.