### COPANS v. DOUGAN et al.

(Supreme Court, Trial Term, Orange County. January 21, 1913.)

1. BILLS AND NOTES (§ 47*)—DELIVERY ON CONDITION.

A note being given on condition that the maker should not be called on to pay it, if, when it was due, the indebtedness of the payee to another, payment of which the maker had guaranteed, existed to the amount of the note; and, the indebtedness having so existed at such time, the note never had a valid inception.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 64; Dec. Dig. § 47.*]

2. BILLS AND NOTES (§ 92*)—CONSIDERATION.

D.'s contract of purchase from C. providing that he should give a bond for $1,000 to C.'s wife payable in future installments, and she refusing to sign a deed unless she received $200 down, and C. having paid it, on D.'s refusal to do so, D.'s note for $200 then given C., on suggestion of another, was without consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–212; Dec. Dig. § 92.*]

Action by Henry Copans against Arthur T. Dougan and others. Plaintiff moves to set aside the verdict. Motion denied.

Hirschberg & Hirschberg, of Newburgh, for plaintiff.
Albert H. F. Seeger, of Newburgh, for defendants Dougan.

TOMPKINS, J. Motion to set aside the verdict of a jury in favor of the defendant in an action on a promissory note for $200.
Defendant Arthur T. Dougan had contracted to purchase a house

and lot from defendant Cronk for $3,000, payable by taking the property subject to a $2,000 mortgage and giving to Cronk's wife, from whom Cronk was estranged, a bond and mortgage for $1,000 payable in future installments. Mrs. Cronk refused to join in the deed unless she received $200 in cash at the time of signing it. Arthur T. Dougan refused to pay the $200, and Cronk paid the money. The entire transaction took place at the plaintiff's office, and he was present and participated in the conference, suggesting that Arthur T. Dougan give a note for that sum to Cronk. Arthur T. Dougan consented to do so, but only upon condition that Cronk should hold the note, and not use it, and that he, Arthur T. Dougan, should not be called upon to pay it when due if at that time Cronk was indebted in that sum upon an account to the firm for which Arthur T. Dougan worked, the payment of which account Arthur T. Dougan had guaranteed, and, if such indebtedness did not equal the amount of the note, that the note should, when due, be valid for only the difference between $200 and the amount of the indebtedness. The note in suit was then delivered upon those conditions. At the time when the note became due, Cronk's indebtedness upon the account exceeded the amount of the note.

[1, 2] Under this agreement, the note was not to have a valid inception until the moment when by its terms it became payable, and then only for the amount of the difference between the face of the note and Cronk's indebtedness on the guaranteed account; it being agreed that Arthur T. Dougan would pay such indebtedness up to the face amount of the note. As Cronk's indebtedness, when the note became due, exceeded the face amount of the note, the note has had no valid inception. Cronk has not paid a single cent of consideration for the note. The payment of the $200 by Cronk to Mrs. Cronk was not a consideration, because, under his contract, Arthur T. Dougan was entitled to the deed for the real estate or the acceptance of the property subject to the $2,000 mortgage and the execution of the $1,000 bond and mortgage payable in future installments. The plaintiff is not a bona fide holder of the note.

The defense shows a complete want of consideration for the note, and that the note has had no valid inception, and was properly proved in this action. Smith v. Dotterweick, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32; Juilliard v. Chaffee, 92 N. Y. 529; Bookstawer v. Jayne, 60 N. Y. 146: Benton v. Martin, 52 N. Y. 570.

The motion should be denied.