MAURO PELLEGRINO, Plaintiff, *v.* FIRST NATIONAL BANK OF NEWARK et al., Defendants.

Supreme Court, Monroe Special Term, June 30, 1924.

**Bills and notes — bank receiving note with knowledge of agreement as to conditions of payment is not holder in due course, under Negotiable Instruments Law, § 91.**

A bank is not a holder of a note in due course, under section 91 of the Negotiable Instruments Law, and must accept payment as provided in the contract between the parties to the note where it accepts the note with knowledge of such condition and in reliance thereon.

ACTION to establish rights of defendant under a promissory note.

*H. H. Cohen,* for the plaintiff.

*Merle L. Sheffer,* for the defendant.

RODENBECK, J. The main question in this action is whether or not the defendant is a holder in due course of the promissory note involved in the suit. The note is claimed to have been received by it without any conditions and by the plaintiff to have been received upon the condition that it was to be paid, not in cash in accordance with its terms, but in the manner provided by the contract made between the plaintiff and the Pollock Lumber Company. The main issue is one of fact which should be found in plaintiff's favor. Two officers of the bank were stockholders of the Pollock Lumber Company and were familiar with the terms of the contract made between the company and the plaintiff. The bank knew how the plaintiff was to pay for the construction of the house on his lot, that he had made a conveyance of the lot to the

company as security and that the note was delivered to the company, not upon the condition that it was to be paid in cash by the plaintiff, but that it was to be paid as provided by the terms of the contract.   It is incredible that the plaintiff should make a contract for the construction of his house upon the terms named in the contract and then, as a part of the same transaction, give a promissory note for $5,600, payable in cash in three months.   The note was delivered to the Pollock Lumber Company upon the same conditions as to payment provided for in the contract and was so accepted and received by the bank.   The bank parted with value but with full knowledge of the terms of the contract and of the conditions attached to the payment of the note and received the note upon like conditions.   It is incredible that, knowing of the contract and of the relations of the Pollock Lumber Company and the plaintiff, the bank accepted the note without the conditions as to payment provided in the contract.   The bank knew that the plaintiff was without financial responsibility and it is improbable that it took the note believing that he would pay it according to its terms notwithstanding the contract that he had made with the Pollock Lumber Company.   The bank not only knew of the terms of the contract but it accepted the note and the renewal note upon the conditions as to payment that are prescribed in the contract and under such circumstances it is not a holder in due course and must accept payment of the note as provided in the contract.   Neg. Inst. Law, § 91; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Andrews & Co.* v. *Hess*, 20 App. Div. 194; *Carpenter* v. *Maloney*, 138 id. 190; *Lattimer* v. *Hill*, 8 Hun, 171; 8 C. J. 197, § 328; *Title Guarantee & Trust Co.* v. *Pam*, 232 N. Y. 441; 8 C. J. 444, § 658.

The plaintiff is entitled to a judgment for the payment of the note in question according to the terms upon which it was delivered.

Judgment accordingly.