CHELSEA EXCHANGE BANK, Appellant, *v.* WILLIAM F. LAHIFF, Respondent.

First Department, October 30, 1925.

**Bills and notes — action against indorser — defense that bank discounting note agreed not to hold defendant liable — said agreement if made was outside powers of officers — said defense is insufficient — impossible to say whether jury found for defendant on said insufficient defense or on issue of failure to serve notice of protest — new trial required.**

In an action to recover on a promissory note indorsed by the defendant a defense that the plaintiff, through certain officers, agreed to hold the defendant harmless and not to enforce his liability as an indorser is insufficient, since it appears that the agreement, if made, was made with officers who had no actual or apparent power to make the agreement and, therefore, if made, it was subject to repudiation by the plaintiff.

Inasmuch as it is impossible to determine whether the jury found for the defendant on the insufficient defense stated or on the issue of failure to serve notice of protest on the defendant, a new trial is required.

MERRELL, J., dissents.

APPEAL by the plaintiff, Chelsea Exchange Bank, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 31st day of January, 1923, upon the verdict of a jury.

*Toney A. Hardy*, for the appellant.

*George M. Curtis, Jr.*, for the respondent.

McAvoy, J.:

One Benjamin B. Green executed a note to the order of a corporation known as the Nikola Chemical Company, Inc. This note was for $12,000 and was payable at the banking office of the plaintiff. It was indorsed by the defendant LaHiff and then delivered to the Nikola Chemical Company, Inc., the payee. The plaintiff bank discounted this note about a week after its execution and credited the account of the Nikola Chemical Company, Inc., with the amount of the note, less the customary discount.

The suit is brought because the note was not paid by either the maker or indorser. When it became due the maker allowed judgment to go by default against him. The indorser, the present defendant, sets forth that the bank through its officers was really the party in interest in the transaction, and that at the time of his indorsement he was promised by duly authorized officers that no liability was to run against him because of his indorsement. The jury found in his favor on the question of fact as to whether or not any such agreement or understanding was had with the bank officers, notwithstanding that the alleged claim that the transaction in question was the bank's transaction was quite fully disproven by the production of all the original warehouse certificates for certain whisky which defendant claimed were sold by the bank for part of the proceeds of the note, the balance of the proceeds being used to further the scheme of sale.

Our examination of the evidence of the defendant leads to a conclusion that the judgment must be reversed and a new trial ordered notwithstanding these findings of fact, because even assuming that they are conclusive upon appeal, yet the alleged agreement with the bank official making it was wholly outside the scope of his authority, and, therefore, not binding on the plaintiff bank. It cannot be claimed that an agreement with Kern, a director of the bank, would be effectual to release the indorser, since on the showing of defendant's own witness, Kern was in some measure acting for himself in respect of the sale, since he was to share in the profits personally. His interest was, therefore, adverse to the bank in the transaction, since the promotion of the enterprise was designed to benefit himself even though ostensibly in aid of the bank.

The proof that Golding, the vice-president and manager of a branch of the plaintiff bank, agreed with LaHiff, after Green had asked him to indorse the note in question, not to hold LaHiff

liable on his indorsement, is insufficient to defeat the liability which the law implies, even if the testimony be true. The lack of authority to make any such agreement under the circumstances in which this note was discounted is apparent. The note was not discounted at the branch bank at which Golding was the manager. The certificates delivered in return for the proceeds of the note were not in charge of Golding. The agreement to discount was accomplished by another officer, who knew nothing about the alleged transaction. This note was discounted at the main office of the bank by its president in person. The whisky certificates owned by the bank, and which defendant says were the subject-matter of the deal, were located in the main office under the charge of another vice-president than Golding. No claim is made that the representations made to defendant that he would not be liable on his indorsement were made by either of the officers who had to do with the actual transaction of procuring the moneys paid on the note. Golding's authority does not appear either from the nature of his office nor from the fact that he handled any of the property of the bank in completing the deal in its behalf. If he made this agreement to hold defendant harmless as an indorser, nothing prevents his principal from repudiating it for lack of authority in the agent. Neither actual authority nor any implication of authority appeared from the circumstances, nor was there any ratification by the responsible agents of the bank of the acts of the supposed agents after the alleged promise to hold the indorser harmless of liability. Under these circumstances the defendant could not prevail in this defense, and the learned trial court should have dismissed the defense as insufficient.

There was also an issue raised by defendant as to whether or not a notice of protest was ever sent to him as indorser at the time of the non-payment of the note, for which reason the case must be remanded for a new trial upon that issue, since it is impossible to discover from the verdict whether or not the jurors found for defendant on the defense which we have found insufficient, even if proven, or upon the denial by defendant of the receipt of the notice of protest.

The judgment, therefore, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and MARTIN, JJ., concur; MERRELL, J., dissents.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.