GRAMERCY FINANCE CORPORATION, Plaintiff, *v.* HARRY GREENBERG
and Others, Defendants.

Supreme Court, New York County, July 21, 1926.

**Judgments — summary judgment — action by payee against maker of promissory note — defendant alleges agreement with plaintiff that defendant would not be held liable on note — defense raises issue — summary judgment denied.**

The plaintiff is denied summary judgment in this action on a promissory note payable to it as against the defendant maker, since it appears that the defendant has interposed the defense to the effect that the plaintiff agreed not to hold him liable on the note, which was executed as an accommodation note. The defense in connection with the affidavits by the maker tends to establish the agreement alleged, and, therefore, an issue is raised which cannot be determined upon a motion for summary judgment.

MOTION for summary judgment against the defendant Michael Kolber.

*Hyman A. Bettigole*, for the plaintiff.

*Samuel G. Geller*, for the defendant Michael Kolber.

GIBBS, J. The action is brought by the plaintiff against the defendants as the makers of a promissory note. The complaint sets forth the necessary allegations of execution and delivery of the note, demand for payment and non-payment thereof. The answer of the defendant Kolber denies the making of the note and as a separate and distinct defense alleges that " the note sued upon herein was executed by him without consideration, solely for the accommodation of the defendant Harry Greenberg, and that the plaintiff took said note with the understanding that this defendant Kolber should not be liable therefor." Upon the original argument motion for summary judgment was denied. Upon reargument plaintiff urges that parol evidence tending to show that no liability was to be incurred by the defendant Kolber is inadmissible and that, therefore, he has no valid defense in the action. In the case of *Garfield National Bank* v. *Colwell* (57 Hun, 169) a note was made, delivered and discounted with the distinct understanding that the maker should incur no liability thereon by the signing of the note. The trial court directed judgment for the plaintiff. On appeal to the General Term the court in reversing judgment and ordering a new trial said: " The mere fact that it was accommodation paper would in no way affect the right to recover, because the giving of

57

the note as an accommodation, if no recovery could be had upon it by the holder of the note, would not be any accommodation to anybody, because nobody could use it. In the case at bar, however, the proofs show a different state of affairs; not only that it was accommodation paper, but also that there was a distinct understanding between the maker of the note and the payee that the maker should incur no liability by the signing of the note."

In the present case the affidavits submitted by defendant Kolber in opposition to the motion tend to establish an agreement between this defendant and the plaintiff. The plaintiff denies the agreement. An issue, however, is raised which cannot be disposed of except by a trial. Accordingly, motion for summary judgment is denied. Submit order.