CHELSEA EXCHANGE BANK, Respondent, *v.* WILLIAM F. LAHIFF, Appellant.

First Department, February 18, 1927.

Bills and notes — action against indorser — defense that indorser was accommodation indorser and that plaintiff represented that indorser would not be held liable — on prior appeal Appellate Division held that evidence did not sustain defense — order for new trial on said appeal did not restrict as to issues — defendant had right, on present trial, to defend on all issues — court erred in striking out defenses.

In an action to recover on a promissory note, the defendant interposed a defense that he was an accommodation indorser and that the plaintiff, through its officers, induced him to indorse the note, upon assurances and representations that his indorsement was merely formal, and that he would not be held liable on the note. On a prior appeal the Appellate Division held that the defense was not proven in that the defendant did not show that the officers, making the representations, had authority or that their act was ratified. A new trial was granted on that appeal but the order did not restrict the issues. On the present trial, the defendant had the right to defend on all of the affirmative defenses pleaded in the answer, and it was error for the court to strike out said defenses.

APPEAL by the defendant, William F. LaHiff, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April,

1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of May, 1926, denying defendant's motion for a new trial made upon the minutes.

*George M. Curtis, Jr.,* of counsel [*Joseph Force Crater* with him on the brief; *George M. Curtis, Jr.,* attorney], for the appellant.

*David Brady* of counsel [*Toney A. Hardy* with him on the brief; *Toney A. Hardy,* attorney], for the respondent.

MERRELL, J. The action was brought against the defendant, appellant, as the indorser of a promissory note made by one Benjamin B. Green, payable to the order of Nikola Chemical Co., Inc., at the plaintiff bank. Before delivery of the note the defendant LaHiff indorsed the same, and it is alleged in the complaint that the note was thereafter duly delivered by said Green to the payee for value, and that the said payee thereafter and before maturity of the note duly indorsed and delivered the note to the plaintiff for a valuable consideration. The complaint alleges that at the maturity of said note the same was presented for payment at the place where, by its terms, it was made payable, and demand for payment duly made and refused, and that no part of said note has ever been paid; that thereupon the said note was duly protested for non-payment, and notice of demand, non-payment and protest was duly given to the defendants herein, including the appellant, and to the payee of said note; that payment has been refused.

The amended answer of the defendant, appellant, LaHiff puts in issue the allegation of the complaint as to the service upon him of notice of the non-payment and protest of said note. Three separate and distinct defenses are also alleged in the amended answer of said defendant, appellant. First, the defendant, appellant, alleges that he was an accommodation indorser of the note in suit, and that he indorsed the same upon assurances and representations made by officers and directors of the plaintiff bank that his indorsement of the note was merely to make the same regular and legal, and that he would not be held liable on the note; that the same would not be protested at maturity, and that he never would be called upon to pay upon his indorsement thereof. In the second separate and distinct defense the defendant alleges that the plaintiff is not the true party in interest, and is not a *bona fide* holder of the note sued upon for value. As a third separate and distinct defense the defendant alleges that the note was given in connection with an illegal transaction in the sale of whisky certificates contrary to law.

The action has been twice tried. Upon the first trial the jury rendered a verdict in favor of the defendant, appellant, herein.

First Department, February, 1927.          [Vol. 219

An appeal was taken to this court, where, by a divided court, the judgment of the Trial Term was reversed and a new trial ordered (214 App. Div. 232). This court, in reversing the judgment of the Trial Term upon the former appeal, held that the evidence on the former trial failed to show that any representations made to the defendant LaHiff that he would not be liable on his indorsement were made by officers who had to do with the actual transaction of procuring the moneys paid on the note, and that if any agreement was made by Golding, the plaintiff's vice-president, no actual authority or no implication of authority in Golding to bind the plaintiff was shown, and that there was no ratification by responsible agents of the plaintiff bank of the acts of the supposed agents after the promises to hold the defendant harmless of liability. A majority of this court held that under such circumstances the defendant could not prevail in the affirmative defense set up in his answer, and that the trial court should have dismissed the defense as insufficient. This court, however, held that an issue was raised by the answer of the defendant as to whether or not a notice of protest was ever sent him as an indorser at the time of the nonpayment of the note, and that upon that issue, for the reason stated, a new trial must be had. The order of reversal, however, entered upon the decision of this court on the former appeal, granted a new trial without restriction as to any of the issues raised by the pleadings. The new trial was, therefore, required to be had pursuant to said order upon all the issues, which of course included those raised by the affirmative defenses. The case coming on for trial pursuant to the order of this court granting a new trial, the plaintiff at the opening of the retrial moved to dismiss the affirmative defenses set up in the answer of the defendant LaHiff, and the trial court below granted the motion of the plaintiff and limited the issues to the question as to whether or not the plaintiff gave the defendant due notice of protest of the note in suit. The learned trial court based its dismissal of the affirmative defenses contained in the answer upon the opinion of this court on the former appeal. I think the court below erred in striking out the affirmative defenses set forth in the amended answer of the defendant. A careful reading of the opinion of this court on the former appeal clearly indicates that this court did not intend to hold that the defenses were bad, but merely that upon the state of the proofs presented to the jury upon the former trial, no authority was shown in the officers of the plaintiff for representing to the defendant that the note in suit was a mere formality and that he never would be called upon to answer by reason of his indorsement of the note or to pay the same. Mr. Justice McAvoy, writing for this court

on the former appeal, said: " No claim is made that the representations made to defendant that he would not be liable on his indorsement were made by either of the officers who had to do with the actual transaction of procuring the moneys paid on the note. Golding's authority does not appear either from the nature of his office nor from the fact that he handled any of the property of the bank in completing the deal in its behalf. If he made this agreement to hold defendant harmless as an indorser, nothing prevents his principal from repudiating it for lack of authority in the agent. Neither actual authority nor any implication of authority appeared from the circumstances, nor was there any ratification by the responsible agents of the bank of the acts of the supposed agents after the alleged promise to hold the indorser harmless of liability." (214 App. Div. 232, 234.)

It seems to me that the mere fact that upon the former trial the defendant did not show authority in Golding or the plaintiff's directors, Kern and Williams, to make the representations to the defendant that he in no case would be called upon to pay the note, does not argue that such proof could not be furnished by the defendant upon the retrial. This court did not strike out the affirmative defenses set forth in the defendant's amended answer, but merely held that the record on the former trial did not show that the plaintiff was bound by the acts of its officers. There can be no doubt that the alleged agreement and representations made by the plaintiff's vice-president and directors to the defendant whereby the defendant, appellant, was induced to indorse the note in suit merely for the purpose of passing the scrutiny of the bank examiners, if such representations were made by an officer or officers of the plaintiff authorized to make the same, would be binding on the plaintiff, and the making of such promise and representations would constitute a valid defense to plaintiff's suit upon the note. (*Higgins* v. *Ridgway*, 153 N. Y. 130; *Williams* v. *First National Bank*, 45 App. Div. 239; affd., 167 N. Y. 594.)

I am, therefore, of the opinion that the court improperly struck out the separate affirmative defenses set forth in the amended answer of the defendant LaHiff, and that the defendant should have been permitted to go to trial upon the issues raised by such defenses. The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.