FIRST TRUST AND DEPOSIT COMPANY, Appellant, *v.* ALBERT M. LEMESSURIER, as Executor, etc., of FREDERICK W. J. MCKIBBIN, Deceased, Respondent.

Fourth Department, May 18, 1932.

*Hiscock, Williams & Cowie* [*Frank H. Hiscock, Leroy B. Williams* and *Daniel Scanlon* of counsel], for the appellant.

*Costello, Cooney & Fearon* [*Henry R. Follett* of counsel], for the respondent.

PER CURIAM. The question here is whether upon the pleadings and affidavits presented defendant has set up a defense entitling him to a jury trial. We are unable to say that a jury could not reasonably find that defendant's testator McKibbin was nothing more than an assistant of plaintiff and one Carhart in a transaction intended to enable plaintiff to avoid trouble with the bank examiners; that the scheme was to temporarily lessen Carhart's line of credit with plaintiff and to create instead an apparent credit to McKibbin; that McKibbin received no consideration for executing the documents in the form of promissory notes, for the reason that he was merely an agent or instrumentality of plaintiff in transferring funds to Carhart, McKibbin obtaining no financial advantage himself; and that the notes never had legal inception. If plaintiff's theory were adopted, the documents were delivered as promissory notes and as a result of a condition subsequent were later to be replaced by notes of Carhart. But it is defendant's theory, not plaintiff's, which we are weighing. And under defend-

ant's claim as to the agreement made the documents — ostensibly promissory notes under the inspection of a bank examiner — were never to be such as between plaintiff and McKibbin. For after the examiner had departed satisfied and the Third National Bank became a trust company, real notes of Carhart were to be substituted for the sham notes of McKibbin. Defendant's claim is made clear in his answer. (*Williams* v. *First Nat. Bank*, 45 App. Div. 239; affd., 167 N. Y. 594; *Garfield Nat. Bank* v. *Colwell*, 57 Hun, 169; *Simmons* v. *Thompson*, 29 App. Div. 559; *Higgins* v. *Ridgway*, 153 N. Y. 130.)

We cannot hold as matter of law that the agreement claimed by respondent is incredible. (*Niblock* v. *Sprague*, 200 N. Y. 390, 393.)

The order denying the motion for a summary judgment should be affirmed, with ten dollars costs and disbursements.

All concur, except CROSBY, J., who dissents and votes for reversal and granting the motion.

Order affirmed, with ten dollars costs and disbursements.