JOSEPHINE MONTELLO, as Administratrix, etc., of JOHN MONTELLO, Deceased, Appellant, v. NICHOLAS LOMBARD and Another, etc., Defendants; NATHAN SCHEFF, Respondent.— Order, in so far as it provides that plaintiff pay $750 costs as a condition for granting her permission to amend her complaint, modified by reducing the costs to twenty-five dollars, and as so modified affirmed, without costs; the amended complaint to be served within ten days from the entry of the order hereon. We are of opinion that the previous record of this litigation did not justify the imposition of such severe terms upon the plaintiff for the amendment of her complaint. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.

THE MOUNT VERNON TRUST COMPANY, Appellant, v. CLARA BERGOFF, Respondent.— In an action on a note the defense was that there was no consideration; that the transaction was to take up a note of the defendant's mother by an absolute assignment of a bond and mortgage and a collateral guarantee bond made by certain parties, one of whom was an officer of the bank, in payment of the principal part of the mother's note; that at the same time the defendant was requested to give a note for the accommodation of the bank, a written agreement of the bank, signed by its president, was made to the effect that the note would not be enforced against her and the collection would be made out of the bonds and mortgage assigned. On the trial both parties moved for the direction of a verdict; and after deliberation the court directed a verdict for the defendant. All the facts and all the inferences to be drawn therefrom most favorable to the defendant must be deemed to have been accepted. (*Glanzer* v. *Shepard*, 233 N. Y. 236, 242.) It was competent for the defendant to prove the conditional delivery of the note with the agreement that she should be exempted from liability. (*Higgins* v. *Ridgway*, 153 N. Y. 130; *Traders' Nat. Bank* v. *Laskin*, 238 id. 535; *Williams* v. *First Nat. Bank*, 45 App. Div. 239; affd., 167 N. Y. 594; *Chelsea Exchange Bank* v. *LaHiff*, 219 App. Div. 434.) There was no proof on the trial as to the powers conferred on the president by the by-laws, the proof of the plaintiff being directed to the conclusions of witnesses that the president did not have authority " to sign that letter." In connection with the whole transaction it is evident that the president did have such authority. (*Twyeffort* v. *Unexcelled Mfg. Co., Inc.*, 263 N. Y. 6.) In any event, the bank accepted the benefit of the transaction and cannot now be heard to question the president's act as *ultra vires*. (*Appleton* v. *Citizens' Central Nat. Bank*, 190 N. Y. 417, 420; *Mutual Life Ins. Co.* v. *Stephens*, 214 id. 488; *American Surety Co.* v. *Philippine Nat. Bank*, 245 id. 116; *Markson* v. *Markson's Furniture Stores, Inc.*, 267 id. 137.) Judgment unanimously affirmed, with costs. Present — Hagarty, Carswell, Davis and Johnston, JJ.; Taylor, J., not voting.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE J. HORNER, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting the defendant of violating section 483 of the Penal Law (impairing the morals of a minor) affirmed. No opinion. Young, Hagarty and Johnston, JJ., concur; Lazansky, P. J., and Taylor, J., dissent and vote to reverse and to dismiss the information.