### ISAACS v. COHN et al.

(Supreme Court, Appellate Division, First Department.    November 13, 1896.)

SECONDARY EVIDENCE — FOUNDATION — DISCRETION OF TRIAL COURT.
    Refusal to admit evidence of contents of letter alleged to have been lost will not be disturbed on appeal, where the witness who testified on his examination in chief that the letter was lost gave such evasive answers on his cross-examination as to leave it in doubt as to whether he was testifying truthfully.

Appeal from trial term, New York county.

Action by Bendet Isaacs against Jacob Cohn and others on a promissory note for $3,500 made by defendant Cohn to the order of defendants E. M. Hein & Co., and indorsed by the payees to plaintiff.    From the judgment for the amount of the note, with interest and costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. Murray Downs, for appellants.
David Bandler, for respondent.

O'BRIEN, J.    The action was brought on a promissory note for $3,500 made by the defendant Jacob Cohn to the order of E. M. Hein & Co., and delivered to the plaintiff in payment of an antecedent debt.    The defense of the defendant Jacob Cohn was that he was an accommodation maker of the note in question, and that its use by Hein & Co. was restricted to its discount by the New Amster-

dam Bank of New York; that the note was wrongfully diverted by Hein from the use and purpose for which it was executed; and that the plaintiff is not a bona fide holder for value, having received it upon an antecedent debt of the firm of E. M. Hein & Co. to him. There was another defense,—that the note was received by the plaintiff under an agreement to have it discounted, and pay one-half of the proceeds to Hein & Co.; but, as this was practically abandoned upon the trial, it need not be considered. The learned trial judge fully and fairly presented the question to the jury as to whether there was or was not a diversion of the note, and correctly stated the law to be that, the plaintiff having received the note in payment of an antecedent debt, he could recover upon it, unless the use of it had been restricted by the accommodation maker; that the latter might restrict the use of the note; and that, if he did so restrict it, no person could recover against him, except the one for whom it was intended, or a bona fide purchaser for value. In his charge the judge said:

"Now, the question in this case, as this note was taken to be applied on an antecedent debt, is whether it was restricted originally, and that is a question of fact for you to determine upon the evidence. You have first the oral testimony of Mr. Cohn and Mr. Hein that Mr. Hein applied to Mr. Cohn for his note, stating that he was going to open an account at the New Amsterdam Bank, and to get a large discount there, and wanted this note for the purpose. You have a letter written by Mr. Hein to Mr. Cohn, stating that, if Mr. Cohn would make this note for $3,500, Mr. Hein would get it discounted at the New Amsterdam Bank. Upon that testimony the defendants claim that there was a positive restriction placed by Mr. Cohn upon the use of this note by Mr. Hein, and that it is a fair inference from the conversation and from the letter that Mr. Cohn designed this note for a cash discount at the bank of New Amsterdam, and for no other purpose. The plaintiff claims that this evidence is not conclusive; that it only evidences a representation by Mr. Hein that he would make that use of it. But there is nothing in it to show that Mr. Cohn intended it should be restricted to that use, or intended that Mr. Hein might not make such use of it as he found most beneficial to himself. According to the testimony of the plaintiff and the testimony of Mr. Hirschman, about the 14th of June there was an interview at which the plaintiff, Mr. Hirschman, Mr. Cohn, the maker of the note, and Mr. Hein were present; that at that interview it was arranged, for the purpose of getting some financial assistance for Mr. Hein, that Mr. Cohn was applied to, and that he stated at that time he had done all he could for Mr. Hein, because he had made certain notes, and, among others, that he was liable on a note for $3,500 to Mr. Isaacs. That, however, is denied by Mr. Hein and by Mr. Cohn, and you have a conflict of testimony between these witnesses as to whether any such statement was made. If it was made, then it would seem to be an admission by Mr. Cohn that that note had been properly used by Mr. Hein in transferring it to the plaintiff, because it would be probable, if there had been a diversion at that time, that he would have disputed the note, whereas, according to that conversation, he admitted his liability upon it, which would not be consistent with his knowledge that it had been diverted from any purpose to which he had restricted its use. If the admission was not made, then, of course, the question rests upon the original transaction between Mr. Hein and Mr. Cohn."

The burden to show that there was a restriction was upon the defendant, and neither at the end of the case, nor at any other time during the trial, was any motion made for a direction of a verdict, or the dismissal of the complaint; but both regarded the testimony as of a character requiring the submission of the question of diversion,

as one of fact, to the jury.    Nor was any exception taken to the charge of the court, or any part thereof, or to any refusal of the court to charge.    And as we think the submission of that question to the jury, under the circumstances, was proper, and was presented in a manner as favorable to the appellant as he was entitled to, so much of the motion as asked that the verdict be set aside because contrary to the evidence, or to the weight of evidence, and the law, was properly denied.

We have left then for consideration only the exceptions taken on the trial to the admission or rejection of evidence.    The only ruling in that regard brought in question is that relating to the exclusion of secondary evidence as to the contents of a letter, after the appellant had produced some evidence tending to show that the letter was lost.    The appellant insists that sufficient foundation was laid as to the loss of the letter to justify the admission of secondary evidence.    Upon this question, as to the proof requisite to be furnished, it is said in McCulloch v. Hoffman, 73 N. Y. 615:

"The question as to the sufficiency of proof of loss, and of unavailing search, to authorize the admission of parol evidence of the contents of a written instrument, is very much in the discretion of the trial court; and the case must be quite without proof to authorize an appellate court to find error."

And in Kearney v. Mayor, etc., 92 N. Y. 617, it is said:

"The point which the appellant must establish is that the proof was so conclusive that it was error of law not to hold it sufficient, and, if there was nothing else in the case, the fact that the only witness called to testify to the loss was the plaintiff himself was enough to preclude this court from reviewing the decision of the trial judge and general term; for the court below was not bound, as matter of law, to credit the statements of a witness thus interested, given in his own behalf, though uncontradicted by any other witness."

Here the witness Cohn, who was an interested party, and who displayed a desire to aid his uncle, who was the other defendant Cohn, started out in his testimony with the statement that he had made diligent search for the letter, and could not find it, and that, in his opinion, it was lost.    On cross-examination, however, when asked as to testimony which he had given in another action as to where his books and papers were, it having been made to appear that they had been removed from the place where he did business, on Broadway, at the time the letter was received, he kept shifting back and forth as to the whereabouts of his books and papers, and, by the evasive answers which he gave to direct questions, left it in doubt as to whether he was fairly and honestly testifying.    This was so apparent to the trial judge that he personally subjected the witness to a searching examination, and this, together with the cross-examination by plaintiff's counsel, undoubtedly impressed the court with the insincerity of the witness.    It was with the full advantage of his view, based on the character and actions of the witness on the stand, as well as upon the testimony, and his judgment as to the credibility of the witness, that he decided to exclude the evidence of the contents of the letter.    Under these circumstances, we cannot say that it was error for the trial judge to exclude secondary evidence.

We think the judgment should be affirmed, with costs.    All concur.