(46 Misc. Rep. 494.)

### ROGERS v. MORTON et al.

(Supreme Court, Special Term, New York County.   March, 1905.)

1. ACTION ON NOTES—DEFENSES—DEMURRER.

A defense in an action by an indorsee on a note, which contains a denial that the note was ever duly negotiated or discounted for value, is not demurrable; this not being a statement of a conclusion of law, but an admission of delivery and indorsement, and a denial that any value was ever given for the note.

2. DEMURRER—MOTION TO STRIKE OUT.

Plaintiff, on demurrer to a defense in an action on a note by its indorsee, may not claim that the denial therein that value was ever given for the note is improperly embodied in the defense and should not be considered; but this claim should be made before the demurrer by motion to strike out.

3. NOTES—BONA FIDE HOLDER—PLEADING.

The allegation of a defense, in an action on a note by its indorsee, that plaintiff is not a bona fide holder in due course, is a conclusion of law, insufficient to show which of the conditions specified in Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, to constitute a holder in due course, has not been complied with.

4. SAME—CONSIDERATION.

Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 52, providing that, where value has at any time been given for a note, the holder is deemed a holder for value in respect to all parties who became such prior to that time, the allegation of the defense, in an action on a note by its indorsee, that the note was executed and indorsed without any consideration, is insufficient; the defense admitting the allegation of the complaint that the payee indorsed and delivered the note for value before maturity.

5. SAME—EXECUTION—CONCLUSION.

The allegation of a defense, in an action on a note by its indorsee, that it had before its delivery to plaintiff no legal inception, is a mere conclusion of law, not helped by the immaterial allegation that the "transfer to plaintiff was made after maturity," and the insufficient allegation, "at a rate of discount greater than legal interest, and not in the ordinary course of business."

6. USURY—PLEADING.

The defense of usury must set up the usurious contract, specifying its terms and the particular facts relied on to make it usurious.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury, §§ 279, 280.]

7. NOTES—PLEADING—CONCLUSIONS.

The allegation of a defense, in an action on a note by its indorsee, that it was wrongfully converted by F., and fraudulently delivered to plaintiff without the knowledge and assent of defendants, is a mere conclusion of law.

8. PLEADINGS—DEFINITION BY PLEADER.

A paragraph of an answer, alleged therein to be by way of counterclaim, must, on demurrer, be tested as a counterclaim; and its sufficiency as a defense may not be urged.

9. NOTES—PLEADING—COUNTERCLAIM.

The paragraph of an answer, in an action on a note by its indorsee, which by way of counterclaim reaffirms all the allegations of the defenses, and alleges that by reason of plaintiff fraudulently diverting the note from the purpose for which it was intended, by obtaining possession of it and wrongfully converting it to his own use, without the payment of value, and preventing its sale, the railroad company for whose benefit it was executed by defendants became insolvent and was foreclosed, to defendants' damage, is insufficient for failure to state facts.

95 N.Y.S.—4

Action by Robert V. Rogers against George N. Morton and another. Plaintiff demurs to defenses and a counterclaim. Sustained in part.

Wm. Allaire Shortt, for plaintiff.
George W. Sandford, for defendants.

CLARKE, J. Two actions are brought on promissory notes by an indorsee; one against the maker and payee, and the other against the maker. The complaints set forth the notes and contain the usual averments. The answers are alike, and each contain a general denial, and three separate defenses, and a counterclaim. The plaintiff demurs to each defense on the ground that the same is insufficient in law upon the face thereof, and also to the counterclaim, as hereinafter stated. The facts admitted by the demurrer to the second defense (the first separate defense) are: Defendants were heavily interested in a railway company, and, in order to furnish money to said company, executed and indorsed the note as maker, payee, and indorser, placed the same with a third party for the purpose of having it discounted for the benefit of said company, and the third party informed these defendants after maturity that the note was in her possession, and defendants believe the note now to be in her possession. If these were all the allegations of this defense, it is clear that the demurrer would have to be sustained; but the plea continues, "and denies that said note was ever duly negotiated or discounted for value." Plaintiff contends that this denial is a statement of a conclusion of law. I am of opinion that the denial that the note was ever duly negotiated for value is the statement of an ultimate fact, and not of a conclusion of law.

Section 60 of the negotiable instruments law (Laws 1897, p. 728, c. 612) provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

The popular meaning of "negotiate" is the same. The allegation with reference to this note, which is payable to order, is therefore equivalent to a denial that the note was ever duly indorsed and delivered for value. A denial in these same words was held by Schnitzer v. Gordon, 28 App. Div. 342, 51 N. Y. Supp. 152, to be a negative pregnant, but nevertheless sufficient to raise an issue calling for proof upon the trial. It admits the delivery and indorsement, but denies that any value was ever given for the note. Section 54 of the negotiable instruments law, entitled "Effect of Want of Consideration," provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course."

Under section 91, entitled "What Constitutes a Holder in Due Course," one of the conditions is:

"(3) That he took it in good faith and for value."

And section 52, entitled "What Constitutes Holder for Value," provides:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

An admission that the note was ever negotiated for value is therefore fatal to the demurrer. This determination is not in accord with a ruling in the Second Department of this court. In Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163, the court at special term held:

"That there is incorporated in the defense a denial of the allegation of the complaint that the note was given for value does not prevent the demurrer from being sustained. This denial had already been pleaded in the appropriate place for denials, and should not have been repeated. A denial is not a 'defense.' It can have no place in a defense. A denial in a defense is mere surplusage, and is not to be regarded."

In Carter v. Eighth Ward Bank, 33 Misc. Rep. 128, 67 N. Y. Supp. 300, the opinion of the court at special term states:

"A denial of allegations of the complaint, or of any of them, can have no place in a defense. It would be wholly irrelevant and immaterial there."

These decisions are inconsistent with the rule laid down by Judge Andrews in Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448.

"The allegations of the complaint not denied in the affirmative defense are for the purposes of the question now presented to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense."

A defense differs from a denial, in that the denial puts the plaintiff to his proof, and the defense is a plea by way of confession and avoidance. General denials are inconsistent with confession, and therefore not properly part of a defense. But to state a valid defense, one that will avoid the cause of action alleged, it may be necessary to deny specific allegations of the complaint which, under our rules of pleading, would otherwise be admitted. All denials in a defense are not, therefore, necessarily surplusage or immaterial. If the plaintiff cannot with safety demur to a pleading containing an immaterial allegation or denial of fact, he has his remedy under the Code. He should first move to strike out such allegation or denial. Steiffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Blaut v. Blaut, 41 Misc. Rep. 572, 85 N. Y. Supp. 146. The court should not be required to determine on demurrer matters which may be disposed of on motion. The second demurrer must be sustained.

The allegation that "plaintiff is not a bona fide holder in due course of said note" is a conclusion of law. It is impossible to determine which of the conditions specified in section 91 of the negotiable instruments law, constituting a holder in due course, have not been complied with. The allegation "that said note was executed and indorsed without any consideration" is of itself in-

sufficient. This defense admits the allegation of the complaint that the payee indorsed and delivered the note for value before maturity. Value having been given prior to the delivery to plaintiff, he is a holder for value (Negotiable Instruments Law, Laws 1897, p. 727, § 52), and the fact that there may have been an indorsement without consideration is immaterial. The allegation that the note "had, before its delivery to said plaintiff, no legal inception," is a conclusion of law, and is not helped by the immaterial allegation that the "transfer to plaintiff was made after maturity," and the insufficient allegation, "at a rate of discount greater than legal interests, and not in the ordinary course of business, and is usurious and void." The defense of usury must set up the usurious contract, specifying its terms and the particular facts relied upon to bring it within the prohibition of the statute. Western T. & Coal Co. v. Kilderhouse, 87 N. Y. 430, 435; Manning v. Tyler, 21 N. Y. 567; Dagal v. Simmons, 23 N. Y. 491; Whitehead v. Heidenheimer, 57 App. Div. 590, 595, 68 N. Y. Supp. 704. The third demurrer must be sustained on the same grounds as the second.

The additional allegation in this separate defense that "said note was wrongfully converted by said Agnes Ford, and fraudulently delivered to said plaintiff without the knowledge and assent of these defendants, or either of them," is a mere conclusion of law. The authorities have long established the rule that the facts constituting the alleged fraud must be pleaded.

The last demurrer is to the paragraph in the answer, beginning:

"For a fifth defense and by way of counterclaim defendants reallege all the allegations herein set forth."

And continuing:

"That by reason of the plaintiff fraudulently diverting said note from the purpose for which it was intended, by obtaining possession of said note and wrongfully converting the same to his own use, without the payment of full value, less the legal discount, and preventing the lawful sale and discounting of said note for its face value, said railway company became insolvent and was foreclosed by due process of law, to the loss and damage of these defendants in the sum of five thousand ($5,000) dollars."

The demurrer is upon several grounds. It must be sustained upon the third ground, viz., that the counterclaim does not state facts sufficient to constitute a cause of action, and it is therefore unnecessary to pass upon the other objections raised. This last paragraph is alleged as a counterclaim. Defendants demand dismissal of the complaint and $5,000 damages. The paragraph must be tested as a counterclaim, and defendants may not on demurrer urge its sufficiency as a defense. "The defendant is bound by his own definition of the answer, and cannot, at his own volition, change the nature of the pleading which he has characterized, and by so doing may have misled the plaintiff." Equitable Life Assur. Soc. v. Cuyler, 75 N. Y. 511, 515. In Walker v. American Cent. Ins. Co., 143 N. Y. 167, 169, 38 N. E. 106, Judge Finch defines a counterclaim, as distinguished from a defense:

"Facts pleaded, which controvert the plaintiff's claim and serve merely to defeat it as a cause of action, are inconsistent with the legal idea of a counterclaim, which is a separate and distinct cause of action, balancing in whole or in part that proved by the plaintiff. Prouty v. Eaton, 41 Barb. 409. It meets the latter, not only by a denial of it or an attack upon its existence, but by opposing to it an equal or overbalancing demand on the part of the defendant."

The alleged counterclaim does not state a distinct cause of action. No facts are pleaded. The dragnet repetition does not render the insufficient allegations, when collected, sufficient, but produces an unintelligible combination of inconsistent parts. In one part it is alleged that Mrs. Ford delivered the note to plaintiff; in another, that defendants believe Mrs. Ford converted it. The denial of negotiation for value, held sufficient on demurrer to save the second defense, does not assist the counterclaim. On the contrary, the right to maintain conversion of a note indorsed and delivered for a special purpose arises upon a transfer before maturity to a bona fide holder for value. Metropolitan E. R. Co. v. Kneeland, 120 N. Y. 134, 24 N. E. 381, 8 L. R. A. 253, 17 Am. St. Rep. 619, and cases cited. Defendants deny that plaintiff is a bona fide holder for value, and allege that before delivery to him the note had no legal inception. If no value was given, no damage has been suffered. The alleged result of insolvency and foreclosure of the railroad is a conclusion of the pleader, and the alleged damage by reason thereof is remote and speculative. The demurrer to the second defense is overruled. The demurrers to the third and fourth defenses and to the counterclaim are sustained, with leave to defendants to plead over within 20 days, upon payment of costs.

Demurrer to second defense overruled. Demurrer to third and fourth defenses and to counterclaim sustained, with leave to defendants to plead over within 20 days, upon payment of costs.