(55 Misc. Rep. 584)

### ENGLISH v. SCHLESINGER et al.

(City Court of New York, Trial Term.    June, 1907.)

**1. BILLS AND NOTES—ACCOMMODATION PAPER—KNOWLEDGE OF HOLDER.**

By express provision of Negotiable Instrument Law. Laws 1897, p. 728, c. 612, § 55. an accommodation party is liable to a holder for value of the paper, though the holder at the time of taking it knew he was an accommodation party.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 964.]

**2. SAME—PARTY ACCOMMODATED.**

Though plaintiff suggested to L. that he procure a person whose note would be honored by a bank to make an accommodation note for L., so that L. could meet his obligations to plaintiff, and L. procured S. to make his note to L., which was indorsed to plaintiff, the accommodation was not for plaintiff, which, were it the case, would prevent recovery from S. by plaintiff.

**3. SAME—USE OF NOTE—PAYMENT OF ANTECEDENT DEBT.**

Though a note for the accommodation of the payee is indorsed to one in payment of an antecedent debt he may recover on it; its use not having been restricted by the accommodation maker.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 935.]

Action by John L. English against Henry W. Schlesinger and others. Judgment directed for plaintiff.

Williams, Folson & Strouse, for plaintiff.
Engel, Engel & Oppenheimer, for defendants.

WADHAMS, J.    Four separate actions are brought to recover on four promissory notes made by the defendant Schlesinger to the order of the defendants Lampert and Horn, and by Lampert and Horn indorsed and delivered to the plaintiff.    Upon the trial it was stipulated that the evidence taken should be applied to the four actions    It appears that Lampert and Horn purchased certain lumber of the plaintiff, for which they gave their paper from time to time; that by reason of their inability to meet their obligations the bank refused to discount any more of their paper; that it was then suggested that a party of financial standing be secured, and Lampert and Horn produced the defendant Schlesinger, who made the notes in question, which were then delivered to the plaintiff for value.    There was some conflict in the evidence as to whether the plaintiff knew that the defendant Schlesinger was acting for the accommodation of the defendants Lampert and Horn. In my opinion it is immaterial whether plaintiff had notice of such fact or not.    Section 55 of the negotiable instrument law (Laws 1897, p. 728, c. 612) provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The very purpose of the accommodation would be defeated if knowledge of the fact that the responsible party was acting as an accommodator were a good defense in an action by a party who parted with value relying upon the credit of the accommodating party.

The defendant Schlesinger contends, further, that in this case he executed and delivered the notes for the accommodation of the plaintiff as well as for the accommodation of Lampert, and Horn, and that Lampert and Horn were merely intermediary parties acting for the plaintiff. If such were the case, the plaintiff would not be entitled to recover. It is well settled that, when the note was without consideration and was delivered upon the condition that the maker should not be liable thereon, the maker is not liable to the party to whom he delivered the note. A conditional delivery as well as want of consideration may be shown in an action between the original parties and others having notice. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. An accommodation party may specify what use shall be made of the instrument which he signs. He may impose terms and conditions, and no person who takes the note in violation of such terms and conditions, and with notice thereof, can enforce the instrument against him. Benjamin v. Rogers, 126 N. Y. 60, 26 N. E. 970; U. S. Nat. Bank v. Ewing, 131 N. Y. 506, 30 N. E. 501, 27 Am. St. Rep. 615. The burden of showing that the use of the notes was restricted is upon the accommodation maker. Isaacs v. Cohn, 10 App. Div. 216, 41 N. Y. Supp. 779, affirmed 161 N. Y. 663, 57 N. E. 1113. But in this case, although there is some evidence that plaintiff suggested to Lampert and Horn that they procure a customer or other good party whose paper would be honored, it is clear that such suggestion was to enable Lampert and Horn to meet their obligations to the plaintiff. It was for their accommodation, and not for the accommodation of the plaintiff, that these notes were made. Where a promissory note for the accommodation of the payee is taken in payment of an antecedent debt, the holder may recover upon the note unless its use was restricted by the accommodation maker. Isaacs v. Cohn, 10 App. Div. 216, 41 N. Y. Supp. 779, affirmed 161 N. Y. 663, 57 N. E. 1113. In this case there was no conditional delivery nor the violation of any terms and conditions imposed by the defendant Schlesinger. He made the notes at the request of Lampert and Horn for their accommodation, and they delivered them to the plaintiff for value. Although this may have been done with the knowledge of the plaintiff, the defendant Schlesinger must meet the obligation.

It follows that judgment must be directed for the plaintiff against each of the defendants.