gage, be permitted to call the whole amount of the mortgage due upon the ground of an entire breach. A breach of an agreement to pay money in installments is not a breach of an entire contract, and will not permit recovery of all the damages in advance. Wharton & Co. v. Winch, 140 N. Y. 287, 35 N. E. 589; Moore v. Taylor, 42 Hun, 45. As provided in said mortgage, until "default shall be made in the payment of said sum mentioned, the mortgagor is to retain and continue in the quiet and peaceful possession of said goods and chattels and the full and free enjoyment of the same." There is no break in the entire condition from the quotation above unto the end. The covenants as to default and peaceable enjoyment follow the former conditions directly, and are part and parcel thereof. They must all be read together. So reading them, the condition is not broken until default is made in the payment of the entire sum, namely, $1,300, therein "above mentioned," when the total becomes absolute. It is upon that default, and that alone, that the right to seize the property becomes absolute. And it is upon that default, and that alone, that the mortgagor loses his right to remain and continue in quiet and peaceful possession. This construction is in harmony with the condition proper and with every one of the sequences which follows. Any other construction would be incongruous and vacillating, and would require the court really to reframe the condition so as to mature the entire debt upon the nonpayment of any one of the notes. Earle v. Gorham Mfg. Co., 2 App. Div. 460, 37 N. Y. Supp. 1037.

For the reasons herein stated, the motion to vacate the writ of seizure is granted.

Motion granted.

---

(69 Misc. Rep. 73.)

ADAM MILLER, Inc., v. FLORIDA EAST COAST RY. CO.

(City Court of New York, Special Term. September, 1910.)

PLEADING (§ 364*)—IRRELEVANT DEFENSE—MOTION TO STRIKE.
  In an action for breach of contract, a defense "that defendant duly performed all the conditions and covenants in said agreement contained on its part to be performed," in addition to the general denial, will be stricken out as irrelevant, under Code Civ. Proc. § 545.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Action by Adam Miller, Incorporated, against the Florida East Coast Railway Company. On motion to strike out certain words in a defense as irrelevant. Motion granted.

Richard J. Donovan, for plaintiff.
George S. Scofield, for defendant.

FINELITE, J. Motion to strike out certain words in the second defense of the admitted answer, on the ground that the same is irrelevant and redundant, under section 545 of the Code of Civil Procedure.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The facts alleged in the complaint are denied by the answer, and in addition thereto defendant sets up a separate defense:

"That the defendant duly performed all the conditions and covenants in said agreement contained (the agreement described in the complaint) on its part to be performed."

This defense, so set forth, should be stricken out. Rogers v. Morton, 46 Misc. Rep. 494, 95 N. Y. Supp. 49; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274.

In Blaut v. Blaut, 41 Misc. Rep. 572, 85 N. Y. Supp. 146, the court held:

"Denials can be proven under the first nine paragraphs of the complaint, and their repetition does not strengthen the plaintiff's pleading. They are not a necessary or proper part of the separate defenses. The very theory of an affirmative defense is that, without denials of the allegations of the complaint, the defendant can defeat the plaintiff by new matter pleaded. Besides, the plaintiff is aggrieved by the presence of these denials. A defense which contains a general denial is not demurrable, even though the matter pleaded does not constitute a defense."

In Rogers v. Morton, supra, the court held:

"If the plaintiff cannot with safety demur to a pleading containing an immaterial allegation or denial of fact, he has his remedy under the Code, and should first move to strike out said allegation or denial."

In Stieffel v. Tolhurst, supra, the court held:

"No part of a pleading will be stricken out as irrelevant or redundant, unless the court can see that the moving party is aggrieved by it, and that striking it out will do no harm to the pleader. In the case of redundant denials, which seriously affected the moving party's right to demur to an affirmative defense coupled with them, the court considered that as the denials added nothing to the affirmative defense, and were already set up in the earlier portions of the answer, they should be stricken out." State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362; Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47.

The motion is therefore granted, with leave to defendant to serve an amended answer on payment of $10 costs.

Motion granted.