PATRICK A. CALLERY et al., Appellants, v. JOHN D. LYONS, Respondent.

Third Department, March 3, 1943.

*Ellsworth Baker* for appellants.

*John D. Lyons* (*Lawrence H. Cooke* and *Nellie Childs Smith* of counsel), for respondent.

*Per Curiam.* The plaintiffs bring this action against the defendant on a promissory note made by one Max Zall to the order of the plaintiffs on or about March 25, 1933, for the sum of $645. It was endorsed on the back by Sarah Zall, wife of Max Zall, and by the defendant, John D. Lyons. It was not paid and was duly protested for nonpayment on June 25, 1933.

The answer denies the allegation of the complaint and alleges that no consideration and no value were received by the defendant for the making of his endorsement upon said note; that the same was made and delivered to the plaintiffs solely for the accommodation of said plaintiffs and said Max Zall, the alleged maker of said note, and that at the time of the making of the endorsement by the defendant it was expressly understood

and agreed by and between the plaintiffs, the maker, Max Zall, and the defendant, that this defendant was an accommodation maker and that he would not be liable.

It was conceded upon the trial that the endorsement on the back of the note, purporting to be that of the defendant, was placed there by him and there was proof of nonpayment, presentation and protest of the note.

The note sued upon is the renewal of a note given in January, 1931. Before the giving of the original note the maker, Max Zall, was indebted to the plaintiffs, who were lumber dealers, for lumber and supplies.

Max Zall, called by the defendant, testified: "I come in and Mr. Callery asked me for some money, and I told Mr. Callery that at the present time I can't give him any cash and Mr. Callery said, ' Maybe we can fix that up some other way with a note,' and he said, ' You make it out, the note, and get a good substantial endorser which will be satisfactory in the bank, and it will help me out — it will help us out at that time.' * * * That was about all the conversation about the note. * * * All that was said, that I give him a note and he will try to put it in the bank and get the money, and that it will help him out."

He further testified that Mr. Callery told him he had " quite a lot of paper in the bank and he would like to get an additional note so he can help himself out " and that the defendant received nothing at the time he received the note.

The defendant testified: " Well, I can't state the date from my recollection, except that it was the day that the original note of this series of notes was endorsed by me, and I have heard them say it was in January, 1931. My clerks were around the office somewhere; there was Mr. Washington, a lawyer, and Miss Smith, and also two clerks working for me at the time, and whether they were in their rooms or where they were, I can't say. And it was during business hours, * * * while I was in the office. * * * Mr. Zall came in the office, and he spoke to me and I spoke to him, and I went to the telephone and called Callery & Rundle. I recognized the voice of Mr. Callery. I said, ' Max Zall is in here and wants me to endorse a note to your order for $700 and he says that you told him to get me to endorse it. Why do you pick on me? ' Mr. Callery said, ' Zall owes us money, and we want to use the money — we have a lot of paper in the bank, and the bank won't be satisfied with his name or his wife's name, and he suggested that he might get you to endorse it,' and I said, ' Can't you use his note

with his wife's endorsement?' He says, ' I am afraid the bank wouldn't take it. I told him to get some endorsers.' And he said, ' We would like to use the money,' and I said ' All right.' ''

The defendant received no consideration for his endorsement. Renewals of the original note were signed from time to time until the last renewal was made upon which this action is brought. It is not claimed by Mr. Zall in his testimony that the plaintiffs suggested to him that he get Mr. Lyons to endorse the note. Whatever proof there is of that came about in the testimony given as to the conversation between Mr. Lyons and Mr. Callery.

Section 55 of the Negotiable Instruments Law reads as follows:

'' LIABILITY OF ACCOMMODATION PARTY. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.''

Taking the most favorable view to the defendant of the evidence given in this case it wholly fails to relieve him from liability as provided for in section 55 of the Negotiable Instruments Law. (*Higgins* v. *Ridgway,* 153 N. Y. 130; *English* v. *Schlesinger,* 55 Misc. 584.)

It makes no difference whether the plaintiffs knew at the time of taking the instrument that the defendant was only an accommodation endorser. There is no evidence to the effect that anyone said to him that he would not be held liable on the said note.

The motion made by the plaintiffs at the end of the case for a directed verdict should have been granted.

The judgment and order appealed from should be reversed upon the law and the facts and judgment for the plaintiffs is directed for the relief demanded in the complaint, with costs in the court below and in this court.

BLISS and SCHENCK, JJ. (dissenting). It is undisputed that the defendant Lyons did not sign the note for Zall, but signed it only after the plaintiff Callery had told him that his firm wanted to use the money, and then Lyons signed the note as an accommodation for the plaintiffs. From this the jury was perfectly justified in finding that there was no consideration as to the plaintiff Callery, and that Lyons was an accommodation endorser for Callery and not for Zall. The accommodation

endorser should not be compelled to pay a note to the person for whose accommodation he endorsed it.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur in Per Curiam opinion; BLISS and SCHENCK, JJ., dissent in an opinion.

Judgment and order reversed upon the law and the facts and judgment for the plaintiffs is directed for the relief demanded in the complaint, with costs in the court below and in this court.