Frank Del Vecchio, J.
This is a motion by the defendant Morrotti to vacate, cancel and set aside a default judgment and garnishee execution, also to set aside the summons or, if the summons is not set aside, for a change of venue from Herkimer to Oneida County.
The plaintiff makes a cross motion to amend the judgment so that the name of the defendant may be changed from “ Morrotti ” to “ Marrotta ”, and to permit plaintiff to apply to the court for a determination of the amount of attorneys’ fees to be included in the judgment.
Prior to December 14, 1954 one James Sisti, a brother-in-law of defendant Morrotti, was indebted to plaintiff for services rendered as a musician in the sum of $1,040. On that day Sisti and defendant signed a note jointly promising to pay plaintiff $1,040 in weekly installments. The note also provided that they pay reasonable attorneys’ fees in case suit was brought for collection.
There was default in payment except for the sum of $50 paid by defendant’s wife, and this action was brought against both defendants as makers of the obligation. The summons and complaint were served upon this defendant who was not represented by counsel until September, 1955. Sisti was never served. On April 14, 1955 a default judgment was entered against this defendant alone without application to the court to determine the amount of the judgment. Thereafter a garnishee execution was levied upon defendant’s employer in the amount of $1,501.57, of which defendant was notified in September, 1955.
On this application defendant contends, among other things, that plaintiff had no right to enter the default judgment without application to the court because the cause of action alleged in the complaint involved an unliquidated sum of money; and further that the defendant has a good and meritorious defense in that the note was without consideration and was delivered upon the condition that defendant should not be liable thereon, he having signed the note upon plaintiff’s assurance that no liability would accrue to him.
*134 The complaint alleges one cause of action, part of the damages of which are not capable of being ascertained by computation only. The sum of the attorneys ’ fees is not fixed by the terms of the note, therefore it was necessary to make application to the court before default judgment could be entered. (Civ. Prac. Act, § 485; Rules Civ. Prac., rule 191.) The judgment erroneously entered by the clerk should therefore be vacated. (Hotel Syracuse v. Brainard, 256 App. Div. 1055 [4th Dept.].)
The parties are not in accord as to the effect of the pre-existing debt of Sisti as a valid consideration to bind this defendant, comaker of the note. Of course, recovery may not be had as between original parties to a promissory note unless a consideration is shown. (Bookstaver v. Jayne, 60 N. Y. 146.)
The law is well settled that if a pre-existing debt is satisfied or discharged by the acceptance of a note, the prior debt constitutes good consideration both as to the maker and as to any third-party comaker or indorser who is an accommodation party to the instrument. (County Trust Co. v. Mara, 242 App. Div. 206, affd. 266 N. Y. 540.)
That rule, and the County Trust Co. case (supra), relied on by plaintiff, are inapplicable to the facts at bar since plaintiff has conceded that Sisti was not released or discharged, and was not intended to be released or discharged, from his prior obligation by acceptance of the note which is the basis of the judgment herein.
However, there are other acts in connection with a pre-existing debt which may constitute new consideration to bind an accommodation maker of a promissory note, as for instance a promise by the creditor to extend the time of payment or a forbearance to bring legal action on an obligation due and owing. (Strong v. Sheffield, 144 N. Y. 392.)
In this connection, plaintiff claims he was going to bring suit against Sisti and also notify the Musicians’ Union so that live music would no longer be provided at Sisti’s place of business and that he withheld such actions upon defendant’s promise to sign the note and guarantee the payment due. These facts are denied by defendant; if proved, they may establish good consideration for defendant’s execution of the note. (Bentley, Settle & Co. v. Brinkman, 42 N. Y. S. 2d 194.)
In addition to the alleged defense of lack of consideration, defendant claims plaintiff told him that if he signed the note no liability would accrue to him. Plaintiff denies this but admits that he told defendant it was his desire to collect the money from Sisti rather than this defendant. This raises an issue on the question of conditional delivery.
*135 ‘ ‘ It is well settled that when the note was without consideration and was delivered upon the condition that the maker should not be liable thereon the maker is not liable to the party to whom he delivered the note. A conditional delivery as well as want of consideration may be shown in an action between the original parties and others having notice. Higgins v. Ridgway, 153 N. Y. 130. An accommodation party may specify what use shall he made of the instrument which he signs. He may impose terms and conditions, and no person who takes the note in violation of such terms and conditions, and with notice thereof, can enforce the instrument against him.” (English v. Schlesinger, 55 Misc. 584, 585-586.)
In Garfield Nat. Bank v. Colwell (57 Hun 169) the court held that where there was a distinct understanding between the maker of the note and the payee, of which the bank had notice, that the maker should incur no liability by signing the note and that he would not be held liable by the bank which had discounted the note, there could be no recovery. (See, also, Higgins v. Ridgway, 153 N. Y. 130; Bernstein v. Kritzer, 253 N. Y. 410.)
A payee is not a holder in due course and, since the defendant as accommodation maker did not lend his name as a means of credit, sections 51 and 55 of the Negotiable Instruments Law cited by plaintiff do not apply.
This court is of the opinion that in addition to the necessity for application to the court to determine the amount of the judgment, arguable defenses are raised such that defendant should be allowed to be heard on the merits. It is the general policy in the courts to permit actions to be determined by a trial on the merits wherever possible and for that purpose a liberal policy is adopted with respect to opening default judgments in furtherance of justice and to the end that the parties may have their day in court to litigate issues.
The defendant’s motion to vacate, cancel and set aside the judgment, garnishee order and execution is granted and defendant is permitted to serve his proposed answer on condition that he pay the costs and disbursements expended in entering the judgment; the motion to set aside the summons or for change of venue is denied.
The plaintiff’s cross motion is denied except that plaintiff may amend the title in the summons and complaint by changing the name of defendant from ‘ ‘ Morrotti ” to “ Marrotta ’ ’.
Order accordingly.