Arnold L. Fein, J.
Plaintiff, suing as the alleged holder in due course of a promissory note, executed by defendant, moves for summary judgment. In opposition to the motion and in support of defendant’s cross motion for leave to serve an amended answer, defendant asserts, and asks leave to interpose as defenses, that: (1) the note is unenforceable as usurious; (2) it was made, executed and delivered without consideration, for the accommodation of defendant’s employer; (3) plaintiff is not a holder in due course; and (4) sections 5-501 of the General Obligations Law and 14-a of the Banking Law are unconstitutional.
*952 Although generally the better practice is to leave questions relating to the sufficiency and merits of a proposed amended pleading for determination on a proper motion or upon the trial (see Whitestone Realty Corp. v. Malba Props., 4 A D 2d 688; Vatis v. Vatis, 18 A D 2d 936), it is appropriate to deny a motion to amend where, as here, the proposed amendment is sought as an obviously prejudicial tactic for avoiding or delaying summary judgment, without legal or factual foundation.
Defendant admits execution and delivery of the note. Although he generally denies receipt of consideration, he does not specifically deny plaintiff’s version of the circumstances of its execution and delivery, that it was given to cover a deficit in an account for which defendant was responsible. At best for defendant, even accepting his version of the transaction, he would still be an “accommodation indorser ”. As such, he is liable to a holder in due course. (Callery v. Lyons, 265 App. Div. 604.)
Plaintiff is a holder in due course despite the facts that: (1) it took the instrument in payment of an antecedent debt (Uniform Commercial Code, §§ 3-302 and 3-303); (2) the unqualified indorsement to plaintiff occurred only after a prior transfer to plaintiff for value, but before maturity (Uniform Commercial Code, § 3-201); and (3) defendant may have been an accommodation indorser or maker. (Uniform Commercial Code, § 3-304.) There has been no evidentiary showing sufficient to raise a triable issue as to plaintiff’s status as a holder in due course. (Rogers v. Morton, 46 Misc. 494.) That being true, the unsupported claim of lack of consideration is insufficient. (Meadow Brook Nat. Bank v. Rogers, 44 Misc 2d 250.)
The fact that the note provides for interest at 8%% or at the maximum legal rate does not render it usurious. It is an express provision to pay the definitely ascertainable maximum legal rate and no more. (Uniform Commercial Code, § 3-104, subd. [1], par. [b] ; §, 3-106).
The defendant’s naked assertion that section 5-501 of the General Obligations Law and section 14-a of the Banking Law are unconstitutional because they unreasonably delegate to the Banking Board the authority to fix the legal rate of interest is without merit.
Section 14-a of the Banicing Law states:
■ “ 1. It is hereby declared to be the policy of the state of New York that for the period ending September 1, nineteen hundred seventy-one, the rate of interest provided in section 5-501 of the general obligations law shall be adjusted by the banking board ip response to changed economic conditions in such *953 manner as to insure the availability of credit at reasonable rates to the people of the state while affording competitive return to persons extending such credit.
“ 2. (a) For the purpose -of effectuating the policy * * * the banking hoard shall have power prior to September 1, nineteen hundred seventy-one * * *
“ (1) from time to time, but not more often than quarterly, to prescribe by regulation a rate of interest not less than five per centum per annum nor more than seven and one-half per centum per annum as the maximum rate of interest to he charged, taken or received, upon a loan or forbearance of any money, goods or things in action, except as otherwise provided by law ,J.
Subdivision 1 of section 5-501* of the General Obligations Law provides: 6 ‘ The rate of interest as computed pursuant to this title upon the loan or forbearance of any money, goods, or things in action, except as otherwise provided by law, shall be the rate prescribed by the banking hoard pursuant to section 14-a of the banking law, or if no rate has been so prescribed, six per centum per annum ”.
Subdivision 2 of section 5-501 prohibits interest in excess of the rate prescribed by subdivision 1.
Thus, the Legislature, having found a public need, has given clearly defined, limited powers to the Banking Board for a limited period of time. Even if this he deemed a delegation of legislative power, it is not invalid.
Defendant’s bald declaration that this is an unreasonable delegation of legislative power does not make it so. No authorities are cited in support of defendant’s contention.
The power of the Legislature to make a valid and limited delegation of power, when proper standards and guidelines are provided, is undoubted. (Matter of City of Utica v. Water Control Bd., 5 N Y 2d 164; Packer Collegiate Inst. v. University of State of N. Y., 298 N. Y. 184; Matter of International Ry. Co. v. Public Serv. Comm., 264 App. Div. 506, affd. 289 N. Y. 830.) The requirements are that the authority delegated he subject to clearly defined standards and limitations and that the action authorized not conflict with the Constitution or other statutes. (See Matter of Hudson-Harlem Val. Tit. & Mtge. Co. v. White, 8 N. Y. S. 2d 599, affd. 256 App. Div. 393.)
It is not without significance that the legislation is contained in section 14-a of the Banking Law, amending section 14, which confers extensive powers on the Banking Board, including power to fix rates of interest and dividends which may be paid upon deposits, and a host of other powers found necessary to the regulation of the banking business in this State. No ease has *954 been found which holds these provisions unconstitutional. Hudson-Harlem Val. Tit. & Mtge. Co. (supra), merely holds that an attempt to confer power on the Superintendent of Banks was unconstitutional because it purported to give the Superintendent power, in his discretion, to ignore a violation of another section of the law.
Although not directly in point, People ex rel. Emigrant Ind. Sav. Bank v. Sexton (284 N. Y. 57) is instructive. It was there argued that a statute limiting the rate of interest which, might be paid by a municipal corporation, which was lower than that applicable to others, was an unlawful delegation.
The Court of Appeals (284 N. Y. 57, 61) ruled: “ We find in the statute no delegation of power whatever. A limit merely is imposed. There can be no doubt that the fixing of the rate of interest, or a limitation of the rate, is legislative in character. This circumstance is, however, without significance. The statute mandates no particular rate. Courts have long exercised authority to determine in accordance with legal rules and principles whether or not interest should be directed to be paid and the rate thereof. (Watkinson v. Laughton, 8 Johns. 213; King v. Talbot, 40 N. Y. 76; Ellis v. Kelsey, 241 N. Y. 374.) This power is by this statute restricted in one particular only, a maximum is imposed. This is clearly permissible.”
The amendments to the Banking Law and the General Obligations Law, conferring power on the Banking Board to “ adjust ” and “ prescribe by regulation ” the i: maximum rate of interest to be charged ”, within clearly defined limits for a limited period, impose a limitation upon the amount of interest which may be charged. The statute does not obligate one who borrows money or who executes commercial paper, such as this defendant, to pay such interest. It restricts the amount he may he required to pay, in accordance with his contract. In effect, it merely defines the cases in which the defense of usury may be interposed. This the Legislature has power to do (Curtis v. Leavitt, 15 N. Y. 9; Rosa v. Butterfield, 33 N. Y. 665).
The action of the Legislature in conferring power on the Banking Board, and the regulations of the Banking Board, pursuant thereto, fixing the maximum rate of interest at 7*4% per annum from July 1, 1968 to February 15, 1989 and at 7*4% |per annum, effective February 16, 1969 (3 NYCRR 4,1), .are not unconstitutional
Accordingly, plaintiff’s motion is granted and defendant’s cross motion is denied. Plaintiff may enter judgment for the relief demanded in the complaint.