George D. Ogden, J.
On this motion there have been filed, and the court has read, the complaint, answer, default judgment, affidavits of Samuel G. Brundage, Frank B. Iacovangelo, John J. Petruccelli, and the briefs submitted; the court has also heard oral argument on the issues involved in this motion. It appears that defendant answered the complaint on October 1, 1969; in September, 1970 the case appeared on the Trial Calendar of this court and at the request of the then attorney for defendant, was adjourned for trial until September 21, 1970; on September 21, 1970 defendant did not appear for the trial of this action, and the Trial Judge granted plaintiffs’ motion for judgment by default; a judgment was prepared, filed on September 24, 1970, and entered in the County Clerk’s office on October 1, 1970. No assessment of damages was made or inquest held. The complaint alleges that legal services were *371 performed by the plaintiffs at the request of the defendant and were of “the fair and reasonable value” of a certain amount; the complaint contains four causes of action each of which contains the above allegation.
While there can be no question as to the validity of the adjudication of defendant’s default, it does not appear that the requirements of CPLB 3215 were complied with in ascertaining the amount of the judgment entered thereon. Plaintiffs’ claim is not ‘ ‘ for a sum certain or for a sum which can by computation be made certain ’ ’, and some proof of the value of the services rendered should have been made. (See Davis v. Sisti, 3 Misc 2d 132; Geer, DeBois & Co. v. Scott & Sons Co., 25 A D 2d 423.)
Defendant’s motion to vacate, cancel and set aside the judgment is granted, and the garnishee order and execution based thereon are vacated; defendant’s motion to open his default is denied; all without costs.